## MASON *v.* BEALE.

ATKINSON, Justice. In a suit to enjoin obstruction of an alleged joint passageway between adjoining proprietors of improved city lots, and to reform (on the ground of mutual mistake) a written agreement executed by the respective predecessors in title of plaintiff and defendant for joint establishment of the way, a verdict for the plaintiff was returned, on which a decree was duly entered. No motion for new trial was made. The defendant excepted generally to the decree, and assigned error on rulings of the court on general and special demurrers to the petition, excepted to pendente lite.

1. The third ground of demurrer to the petition as a whole complained of nonjoinder of the parties who signed the contract which it was sought to reform. This ground of demurrer was "sustained with leave to amend by making the parties," and the order provided further that "the plaintiff is allowed twenty days in which to amend as herein required, in default of which the case will stand dismissed." Within the time required the plaintiff offered an amendment naming Mrs. Ruby Long and Lawrence M. Arnold parties of the first part to the contract and Elliott W. Brooks as party of the second. part, and praying that they be made parties to the case. The amendment was "allowed and ordered filed, subject to demurrer." The order also directed service of the amendment and the order on the named persons, and required them to show cause why they should not be made parties. The amendment and order were duly filed within the twenty days allowed for making the amendment. After expiration of the twenty days the court passed an order making Mrs. Long and Brooks parties. *Held,* that the allowance and filing of the amendment subject to demurrer, within the allotted twenty

days, was sufficient compliance with the order of court to prevent the case from standing dismissed automatically. The foregoing comports with the rulings in *Johnson* v. *Vassar,* 143 *Ga.* 702 (85 S. E. 833); *Blyth* v. *White,* 178 *Ga.* 488 (173 S. E. 421); *Humphries* v. *Morris,* 179 *Ga.* 55 (175 S. E. 242); *Smith* v. *Atlanta Gas-Light Co.,* 181 *Ga.* 479 (182 S. E. 603).

2. On the date of the order making the two persons parties as indicated above, the defendant renewed its demurrer to the petition as amended, and moved to dismiss the action, on the ground that Arnold had not been made a party. This demurrer was overruled "upon condition that plaintiff make Lawrence Arnold, or, if dead, his personal representative, a party to this cause on or before February 10th, 1935; and in default of such party being made by that time, said demurrer is sustained and this cause shall stand dismissed. This Dec. 12, 1934." Before the date last named, the plaintiff presented an amendment alleging that Arnold was dead, and that Mrs. Arnold was his personal representative by reason of the facts that she was his widow and sole heir at law, and was not under any legal disability; that there were no outstanding debts, and no administration was necessary; and that she had taken possession of his estate. It was prayed that she be made a party as such personal representative. It was ordered that the amendment be filed and served on Mrs. Arnold, and that she show cause on February 2, 1935, why she should not be made party. Service of the amendment and rule to show cause was acknowledged, and thereafter the amendment was filed February 8, 1935. On February 9 the court granted an order extending "the time for amending" until February 20, 1935. The rule came on for hearing October 3, 1935, and the court formally declared Mrs. Arnold a party to the case. *Held,* that the service and filing of the amendment by direction of the court prior to February 10, 1935, was sufficient compliance with the order requiring Arnold or his personal representative to be made a party to prevent the case from standing dismissed for failure to make such party. The order for filing and to show cause implied allowance of the amendment. See *Alspaugh* v. *Adams,* 80 *Ga.* 345 (5 S. E. 496).

3. The foregoing rulings sufficiently deal with the only assignments of error that were argued in the brief for the attorneys for the plaintiff in error. In that brief assignments of error on the judgment relating to other grounds of demurrer are casually mentioned as being insisted on.

4. The petition as amended alleged a cause of action for the relief sought, and was not subject to any of the grounds of demurrer which the court overruled. The decree was authorized by the verdict.

*Judgment affirmed. All the Justices concur.*

No. 11223. JULY 16, 1936.

*W. R. Hewlett* and *J. K. Jordan,* for plaintiff in error.
*McElreath & Scott* and *J. Lon Duckworth,* contra.