1. Where to the petition in the present case general and special demurrers were filed, and on the hearing the general demurrer was withdrawn without prejudice, and the court passed an order the legal effect of which was not to dismiss the petition in praesenti, but providing, in response to the special demurrers, that the case would "stand dismissed" if the petition was not amended within twenty days, such order was not a final judgment, but was conditional, with jurisdiction of the case retained by the court; and upon the filing of an amendment within the *Page 31 
time specified, although it was imperfect because it failed to comply with the order as to remedying the defects pointed out by the special demurrers, the merits of the case were opened for fresh adjudication; and it was within the power of the court, thus retaining jurisdiction of the case, to entertain and allow a proper amendment to the petition, offered before an actual dismissal of the case. Accordingly, the court did not err, after the filing of the imperfect amendment within the time specified, and the filing, after such time, of an amendment which, as we hold, cured the defects of the petition as pointed out by the special demurrers, in overruling the defendant's motions, filed before the final amendment, to strike the case from the docket and to dismiss the action on the ground that the original order as to perfecting the petition had not been complied with in the time specified. Smith v. Bugg, 35 Ga. App. 317 (133 S.E. 49); Zipperer v. Helmnly, 148 Ga. 480 (97 S.E. 74). See also, as to the allowance of an imperfect amendment opening up the case for a fresh adjudication, Trust Company of Georgia
v. Mobley, 40 Ga. App. 468, 473 (150 S.E. 169); Georgia Power Co. v. Richards, 42 Ga. App. 741, 742
(157 S.E. 241).
2. The amendment referred to above, filed after the time specified in the court's order as to remedying the defects of the petition, was properly allowable in the exercise of the court's jurisdiction, which was continued by the filing of an amendment, though imperfect, within the time specified in the court's order, and allowed by the court subject to objection, and such final amendment so perfected the petition that a cause of action was set out in the petition as amended. The court did not err in overruling all of the grounds of the demurrer to the petition as amended, and the motion to dismiss.
Judgment affirmed. Stephens, P. J., and Felton, J.,concur.
 DECIDED OCTOBER 25, 1939. REHEARING DENIED NOVEMBER 13, 1939.
J. Robert Raymond, as his name was finally amended, brought an action against S. O. Klotz doing business as Klotz Sales Company, to recover damages for an injury sustained in operating a slot-machine maintained by the defendant in a named pharmacy. The petition alleged that the defendant was engaged in the business of placing machines commonly known as slot-machines in drug-stores and other places of similar nature, frequented by the public; that he placed one of said machines in the Terrace Pharmacy at 618 Peachtree Street in the City of Atlanta; that some of said machines have glass covers, and certain games can be played therein by the public; that after the player has inserted a coin into the machine and after a certain lever has been pressed, the lever so pressed releases the internal mechanism of the machine in such a way that the machine can be played; that on or about *Page 32 
June 9, 1937, the plaintiff inserted into the machine at the pharmacy a coin of the denomination known as "one cent," in accordance with instructions printed on the machine, and pushed in the lever in order to release the proper mechanism so that the game could be played; that (par. 6) when the said lever was pushed the same stuck in such a way as to cut and bruise the plaintiff's left hand; that the machine was defective, or the lever would not have stuck; that the defendant knew of the defect, as he had been advised of it by the owner of the Terrace Pharmacy, and with knowledge of the defect the defendant permitted the slot-machine to remain at the pharmacy, and invited the public to use the same, but did not warn plaintiff or the public of such defect; that (par. 7) the plaintiff is a hairdresser by trade, and it is impossible for him to perform his duties as such without the free and unimpeded use of both of his hands; that because of said injury his hand became infected, he suffered intense pain and anguish, and it was impossible for him to sleep over a period of many nights, and impossible for him to perform the work required of him by his business or to attempt to do the same in any manner whatsoever, and he was otherwise injured and damaged as described in the petition; that (par. 11) it was negligence on the part of the defendant to operate a defective machine in such a place and invite the public to use and operate the same; that (par. 12 as amended) the plaintiff knew nothing of the dangerous defects of the machine as set out in par. 6, above, and was in the exercise of due care, and his injuries were occasioned solely by the negligence of the defendant in the following particulars: (a) in maintaining said machine so that when it was operated the lever would stick as described in paragraph 6 above, and by its maintenance in that condition inviting plaintiff and the public to use the same to plaintiff's injury; (b) in not displaying on the machine some sign or warning to the plaintiff and to the public the fact that said lever would stick, especially since the defendant knew and had been previously advised that the lever would stick, before plaintiff used or played the machine. It was alleged that all of the plaintiff's injuries and damages were the direct and permanent result of the negligence of the defendant in continuing to operate a defective machine.
The defendant demurred on the ground that the petition set forth no cause of action against him. He demurred specially on *Page 33 
the grounds that paragraph 12 was defective, because it did not set out the nature and character of the alleged defect, that clause (a) of paragraph 12 was defective, because it did not set out the facts making the machine dangerous, and because it did not set out the facts making the lever defective; that clause (b) of paragraph 12 was defective, because it did not set out any facts showing why a warning of any kind was necessary, and because it did not set out the facts constituting the alleged defective and dangerous character of the machine, and it did not set out the nature and character of the alleged latent defects and dangers. On June 23, 1938, the demurrers to the petition as amended were heard; and after the defendant withdrew "without prejudice" his general demurrer, the court, on June 25, 1938, passed an order sustaining the special demurrers, and providing that "said case will stand dismissed if not amended within twenty days." On July 14, 1938, the plaintiff filed and had allowed, subject to objection, an amendment reading as follows: "By striking paragraph 6 as amended in its entirety, and inserting in lieu thereof the following paragraph: That the normal clearance or distance that the said lever should go into the machine when pushed was approximately three inches, and petitioner consequently put sufficient force behind his push to have carried the said lever its normal distance. That when the said lever was thus pushed, the same stuck before going its normal and maximum distance in such a way that the sudden and unexpected stopping of the lever caused petitioner to cut and bruise his left hand, and this said sudden and unexpected stopping of the said lever was the proximate cause of the injury herein complained of. Had the said lever gone all the space or distance provided for it to go, the said injury would not have happened. That the said machine was defective, else the said lever would not have stuck. Defendant knew of the said defect, as he had been advised of same by the owner of the Terrace Pharmacy; and so it is that with knowledge of said defect the defendant permitted said slot-machine to remain at the said Terrace Pharmacy and invited the public to use the same, but did not warn the petitioner or the public of such defect." Further amendment: "By inserting a new paragraph, which same becomes paragraph 7 of the original petition, with a subsequent rearrangement of the numbers of the following paragraphs, the said new paragraph 7 to read as follows: *Page 34 
Petitioner shows that the said lever was of metal construction and had a sharp edge, and defendant should have known that such a sharp metal edge would prove dangerous to the playing public if for any reason the said lever stuck and did not go its normal maximum distance."
On May 11, 1939, the defendant filed a motion to strike the plaintiff's case from the docket, on the ground that the amendment of July 14, 1938, had no reference to and did not comply with the court's order of June 25, 1938; and because the amendment was conditionally allowed, "subject to objection," and was not in law an allowance of an amendment. The defendant filed also a motion in the nature of a general demurrer to dismiss the action, on the ground that the petition as amended failed to set out a cause of action. These motions the court took under consideration until May 23, 1939, when rulings were made. In the meantime the plaintiff had filed an amendment, allowed by the court subject to objection, as follows: "Paragraph 7 of the original petition to read `B;' paragraph 8 of the original petition to read `9;' paragraph 9 of the original petition to read `10;' paragraph 10 of the original petition to read `11;' paragraph 11 of the original petition to read `12;' paragraph 12 of the original petition to read `13;' paragraph 13 of the original petition to read `14;' paragraph 14 of the original petition to read `15.' Plaintiff further amends said petition by striking in its entirety paragraph 13 of the original petition as amended, which said paragraph was numbered and designated paragraph 12 of the original petition, and inserting in lieu thereof the following: That the defects in said machine were as follows: (a) that for some reason unknown to petitioner the lever when pushed back stuck; (b) that the lever stuck and did not perform its normal function of sliding into the machine; (c) that the normal clearance distance of the lever was approximately three inches, but when pushed same abruptly stopped after going approximately one half of the normal clearance distance; (d) that the machine was defective, else the said lever would not have stuck; (e) that with knowledge of the defective machine defendant permitted same to remain at the said Terrace Pharmacy and invited the public to use the same, and defendant was negligent therein; (f) that with knowledge of the defective machine defendant placed no warning nor gave any notice to the public of its defectiveness, and defendant *Page 35 
was negligent therein. That when the said lever was pushed as described in paragraph 5, the said lever stuck before going its normal and maximum distance, and as the result of the sudden and unexpected stopping of the lever petitioner's left hand was cut and bruised. Had the said lever gone all the space or distance provided for it to go, the said injury would not have happened. Petitioner was in the exercise of due care when his injury was sustained, and did not know that the machine was defective."
On May 23, 1939, the court overruled the motion to strike the case from the docket, and the motion to dismiss the petition as amended. To these rulings exceptions pendente lite were taken. On May 26, 1939, the defendant renewed his demurrers and his motion to dismiss the action, and demurred generally on the ground that the petition as amended failed to set forth a cause of action, and that it should be stricken because it was not amended to comply with the court's order of June 25, 1938, that is, within twenty days thereafter; and specially demurred on the grounds that the amendment failed to set out sufficient facts to be the basis of a cause of action; that the allegations of the amendment were vague, indefinite, and conclusions of the pleader, in that no defect was set out, and the amendment failed to comply with the court's order of June 25, 1938; that the allegation indicated by (f) in the foregoing statement of the amendment was not, in its latter part, properly paragraphed and numbered as required by law; that the allegation, "had the said lever gone all the space or distance provided for it to go, the said injury would not have happened," is a conclusion of the pleader, and the allegation, "petitioner was in the exercise of due care when his injury was sustained, and did not know that the machine was defective," is a conclusion of the pleader and is at variance with the allegations of the petition as amended, which show on their face that the plaintiff was not in the exercise of ordinary care. On May 31, 1939, the demurrers and the motion to strike were overruled; to which ruling exceptions pendente lite were taken. The exceptions are to the orders overruling the motion to strike the plaintiff's case from the docket, overruling the motion to dismiss the plaintiff's case as of May 11, 1939, and overruling the demurrers and motion to dismiss the petition as amended on May 20, 1939. *Page 36