1. Where a general demurrer to a petition was sustained and the suit dismissed unless amended to meet the grounds of demurrer, and the plaintiff, instead of suing out a direct bill of exceptions, submitted to the adverse ruling by filing an amendment seeking to conform to the judgment, such procedure by the plaintiff constituted an acquiescence by him in the correctness of the original judgment, so as to adjudicate that the petition as it then stood was defective for the reasons stated in the demurrer. Rivers v. Key, 189 Ga. 832 (7 S.E.2d 732), and cit.; Lavenden v. Haseman, 157 Ga. 275, 278, 280 (121 S.E. 646).
2. Since the effect of the amendment in this case amounted to only an elaboration of the details of the previous averments, without adding materially to their substance, and since the amendment failed to meet the defects pointed out with reference to the insolvency allegations, the court did not err in sustaining the renewed demurrer and in entering a final order of dismissal.
3. Under the foregoing rulings, this court will not consider the merits of the original grounds of demurrer; nor is it necessary to consider any additional grounds of the demurrer to the amendment that do not relate to the question whether the amendment complied with the terms of the original ruling.
Judgment affirmed. All the Justicesconcur.
 No. 13215. APRIL 11, 1940. REHEARING DENIED MAY 20, 1940.
Mrs. Alfa E. Thompson brought her petition, as first amended before demurrer, for injunction and receiver, for annulment of a mortgage foreclosure on her land, and for cancellation of subsequent deeds thereto, against Mutual Investment Company, a corporation, Roy S. Drennan, American Savings Bank, a corporation, and Mrs. Ethel M. Webb; and for a personal judgment for $500 or other sum under the evidence against the two first-named defendants. The petition in effect alleged: that the plaintiff had held a second loan deed on the land for $1100, which she had foreclosed, and thereby became the owner on September 25, 1935, subject to a first loan deed for $475 held by Firemen's Fund Insurance Company; that her interest in the property was reasonably worth $1500 to $2000; that, on account of improvements to the property, a foreclosure suit was filed on the date last mentioned; that the plaintiff in the present suit was made a defendant, and there were intervenors; that shortly after plaintiff's previous foreclosure suit all of the defendants contrived "a collusive and fraudulent scheme in which they conspired to swindle and defraud [her] *Page 309 
out of her interest in said property," which conspiracy was that Drennan, acting for all the defendants, was to obtain an agreement with her to allow him to take a transfer of the first loan deed of $475 from the holder to his corporation, Mutual Investment Company, foreclose it in the name of that company, buy it in at the sale without interference from the plaintiff or any of the defendants, and thus clear the property from all incumbrances, obtain a loan from American Savings Bank, and from the proceeds settle the pending improvement foreclosure suit in which he was counsel, settle with the intervenors, pay off the first loan of $475, pay the accrued taxes, pay the plaintiff $500 for her interest in the property, or else place the property back in its status at that time. She alleged that she relied on these representations of the defendants, did not pay off the first loan, allowed the defendants to take and foreclose it, did not attend or bid at the foreclosure sale, where the defendant, Mutual Investment Corporation, bid in the property for $300 without paying any money; that Mrs. Webb, the holder of a city-tax deed, refused to transfer it to the plaintiff for any consideration, but held it for the benefit of the other defendants; that the American Savings Bank, with knowledge of such fraudulent sale, made a loan to Mutual Investment Corporation for $1625, from which $475 was paid to the holder of the first loan, and the amount of the tax deed was paid to Mrs. Webb; that by said fraudulent and illegal sale the Mutual Investment Corporation and Drennan obtained an equity of $1000 or more in the property and the $1625 loan; and that the American Savings Bank obtained the legal title to property of the reasonable value of $2500 to $3000. The petition charged that, after thus obtaining the property, the defendants failed to settle the pending suit or pay off the intervenors therein, refused to pay her anything, and obtained her interest without any payment. It was alleged "on information and belief" that Mutual Investment Corporation had no property except that obtained from the plaintiff, and that this corporation and Drennan were insolvent.
The defendants demurred on the grounds that this amended petition set forth no cause of action, and set forth no ground for equitable relief; that the agreement relating to the foreclosure sale was one to chill the bidding, and therefore was illegal as contrary to public policy, and the plaintiff, being thus guilty of fraud, did *Page 310 
not come into court with clean hands; that the allegations as to insolvency were insufficient, because made only on information and belief; and that there was a misjoinder of parties as to American Savings Bank and Mrs. Webb.
The court entered an order sustaining the demurrers and dismissing the petition, unless an amendment should be filed within ten days "that will meet the grounds of the demurrers." Within ten days, the plaintiff filed an amendment, setting forth that the foreclosure of her own mortgage had divested all liens for improvements created by the previous owner, and all other liens except the first loan deed and the tax deed of Mrs. Webb, elaborating the details in the previous averments as to the improvement lien foreclosure suit, and slightly elaborating the details in the previous averments as to the alleged fraudulent representations, the plaintiff's reliance thereon, and loss of her property without payment to her by the defendants of the agreed $500 less $200 to J. Gordon Hardy for money which he had advanced to her. Slight details were added: that the defendants partly performed their agreement by obtaining "the loan agreed upon from the defendants, American Savings Bank," by paying Mrs. Webb for her tax deed, and by paying $152.50 of the agreed $200 to Hardy, but that the defendants refused to pay her anything, or to place the property back in its status before their foreclosure sale, as they had agreed; that, as evidence of American Savings Bank's fraudulent connection with said plan, it cashed the $152.50 check paid to Hardy, its cashier telling Hardy that "he had gotten that much out of the loan for him;" and that Mrs. Webb's part in the plan consisted in refusing through her agent to sell her tax deed to the plaintiff, so as to clear plaintiff's title, and stating that the deed was being held for the other defendants, and she would not sell to any one except them. The prayers of this second amendment were merely for its allowance, for "judgment as prayed" in the previous petition as amended, and for general relief. The defendants objected to the allowance of the second amendment, and demurred thereto, if allowed, on the grounds that it failed to meet the previous demurrers and order of the court; that the amendment was in effect only a duplication of the original petition as amended before the original demurrer; that it was not shown that the plaintiff did not have an adequate and complete remedy at law; and that the suit was barred by the statute *Page 311 
of frauds. The plaintiff excepted to the final order dismissing her petition.