Where a general demurrer to a petition as amended was sustained, and the plaintiff was allowed fifteen days within which to further amend, in default of which the action would "stand dismissed," and where there was no exception to such order, it was not error for the court to sustain the general demurrer to the petition as further amended within the fifteen days allowed by the court, when the amendment did not materially change or add to the petition as already amended before the court first passed on the demurrer. The filing of the amendment after the judgment sustaining the general demurrer and allowing fifteen days to amend was an acquiescence in the ruling that the petition as amended at the time of the first order sustaining the demurrer did not set forth a cause of action. Rivers v. Key, 189 Ga. 832 (7 S.E.2d 732).
Judgment affirmed. Stephens, P. J., and Sutton, J.,concur.
 DECIDED MAY 20, 1940.
H. W. Hutchins filed this action against the City of Atlanta, to recover damages for personal injuries. The original petition alleged, in substance, as follows: The defendant owns and operates a water system, a part of which is a sewerage system. Without the sewer system the defendant could not operate its water system. The Congress of the United States created a branch of the Federal Government, known as the Works Progress Administration, to employ citizens who were then or thereafter became unemployed. By authority of the United States Government officers and agents are employed to direct and control the operations, duties, and functions *Page 604 
of the Works Progress Administration, employ people and pay for their labor; and the defendant, by the terms of its charter, has officers and agents who direct, contract for, and have work done for the defendant. Sometime before August 14, 1936, the officers and agents of the defendant, and the officers and agents of the Works Progress Administration, acting jointly, planned, directed, and arranged for a sewer main to be placed underground through and along the center of Techwood Drive, a public street within the corporate limits of the city. The Works Progress Administration furnished laborers and paid for their labor, and the authorities of the defendant furnished plans and material, and directed that a trench eight feet wide and sixteen feet deep be dug by the laborers in the street, and invited the laborers to come upon the premises of defendant to construct the sewer main, and authorities of the defendant acted jointly with the authorities of the Works Progress Administration in superintending and directing the work and construction of the sewer main. The plaintiff worked in digging the trench until August 14, 1936. On that date he was working in the bottom of the trench, about sixteen feet below the surface of the earth, when a huge amount of earth caved in from a wall of the trench and covered the plaintiff with six feet of dirt. He was under this dirt for thirty minutes, which injured him in the particulars set forth. At the time of the injuries the defendant had in its employment officers, engineers, contractors, and constructors who knew the dangers and hazards, and the likelihood of dirt caving in at any time; and the authorities knew that the trench was being dug, knew the dangers, or could and should have known thereof; and the plaintiff did not have knowledge thereof, because of lack of experience in doing underground work. The defendant invited him together with other employees of the Works Progress Administration to come upon the premises to do the work. It failed to furnish the plaintiff a safe place to work; it failed to brace the walls so they would not cave in on the plaintiff; it knew that he was not experienced in trench construction, or by the exercise of ordinary care and diligence could and should have known thereof, and should have warned the plaintiff of the dangers, hazards, and risks thereof and failed to do so. The defendant has in its employ a great number of employees, and by authority of the laws of the State the defendant had a right to *Page 605 
obtain workmen's compensation insurance for the plaintiff's protection against injury, and negligently failed to do so. The plaintiff gave to the defendant written notice and demand of his claim for damages, and the defendant denied the claim. The defendant was negligent, in inviting the plaintiff upon its premises to do work, and failing to furnish him a safe place to work; in having experienced engineers who failed to brace the walls of the trench; in failing to inspect the walls of the trench and notify plaintiff of the danger accompanying the work; in failing to make the trench a safe place to work and protect him against danger; in failing to furnish him with instruments and material to brace the walls to prevent the dirt from falling on him; in allowing him to remain at the bottom of the trench while the walls of the trench were not braced, when it knew by experience that the walls were likely to cave at any time; and in having agents who failed to warn plaintiff of the danger.
The plaintiff amended his petition, and alleged in substance that the defendant caused, looked after, and, jointly with the officers, engineers, and overseers of the Works Progress Administration with the engineers, officers, and authorities of defendant, dug or constructed the trench with machinery as alleged; that after the trench was constructed it was left open for several days, a sufficient length of time for defendant to have, and it did have, notice and knowledge that water was seeping into the trench; that the officers or authorities of the defendant had been advised or warned that the wall of the trench should be braced, and the authorities failed to brace the wall and failed to warn the plaintiff of danger that the dirt around the place where the water was seeping might cave into the same; that the plaintiff had experience as a dairyman, and had no knowledge of underground work and dangers of cave-in such as where and when said dirt caved in upon him; and he alleges that the authorities of the defendant did have experience, and knew, or by the exercise of ordinary care and diligence for the safety of plaintiff should have known thereof; and he alleges that he did not have equal means with the officers of defendant to know thereof because of lack of experience and knowledge of construction work; that Techwood Drive is one of the public streets of the city, and the defendant failed to keep it safe for people going into the trench, and failed to give plaintiff notice of the danger as aforesaid; and *Page 606 
that had the defendant braced the wall or notified the plaintiff of the danger, the injury to him would not have occurred.
After the foregoing amendment had been filed and allowed subject to demurrer, the court passed an order sustaining the general demurrer to the petition as amended, and allowing the plaintiff fifteen days within which to amend the petition. Without excepting to this order, the plaintiff filed an amendment alleging, in substance, that the authorities of the defendant furnished the Works Progress Administration with specific direction where the trench was to be built, together with instructions as to the width and depth thereof; that the authorities of the defendant agreed to pay and did pay a percentage of the cost of digging said trench, and these authorities often visited the place where the trench was being dug, looked after the supervision thereof, and gave directions how and where the same was to be constructed; that the trench was dug with machinery before the placing of pipes therein; that on the date of the injury the plaintiff was at the bottom of the trench placing pipes therein when the dirt caved in and injured him; that before the cave-in there was water seeping into the trench at about the point where the dirt caved in, and the authorities of the defendant knew or by the exercise of due care could and should have known thereof; that the plaintiff did not know thereof, because of the facts stated in his petition; that the trench had been dug for several days before the dirt caved in, and the defendant knew thereof or, by the exercise of due care and diligence for the safety of plaintiff while working at the bottom of the trench, could and should have known thereof; that the plaintiff does not know the exact number of days that water seeped into the trench; that the defendant could and should have known that the same was dangerous for men to be at the bottom of the trench; that the defendant had been notified that water was seeping into the trench, and that the same was dangerous, who so notified the authorities not being known to the plaintiff; that plaintiff was an employee of the Works Progress Administration, got his orders and directions in doing said work from the authorities and officers thereof, and was doing the work as aforesaid on the premises of defendant, and he was paid for said work by the Works Progress Administration; that the authorities of the defendant were negligent in failing to brace the wall of the trench where the water was *Page 607 
draining, and in failing to notify plaintiff of the danger; that the point where the dirt caved in was wet, and the dirt was heavy and fell with great force; and the fact that water was draining into the trench was notice to defendant of danger, and plaintiff did not and could not know of the danger, and the defendant allowed the danger to exist and the plaintiff to go on the premises and remain there without knowledge of the danger, when the defendant knew or should have known of the danger, and was negligent in not furnishing the plaintiff a safe place to work.
The court sustained the renewed general demurrer, and the plaintiff excepted.