## 32084. BRADSHAW v. CRAWFORD.

DECIDED JULY 16, 1948.

*H. Fred Gober*, for plaintiff.
*W. O. Wilson*, for defendant.

TOWNSEND, J. (After stating the foregoing facts.) It will be noted that the judgment of the trial court excepted to was the ruling on the second demurrer to the petition as first amended, and was made without consideration of the second amendment.

Counsel for the plaintiff contends, first, that the petition as finally amended the second time sets out a cause of action against the defendant, and second, that the plaintiff is entitled to have this amendment considered. Counsel for the defendant contends that since the trial court, in ruling on the first demurrer to the petition, allowed 15 days in which to amend or the petition would stand dismissed, and since the amendment filed within that period failed to meet the criticism of the first demurrer thus ruled upon, this judgment became the law of the case, and the petition stands automatically dismissed.

This is an action brought by a tenant against the land-

lord for personal injuries sustained by the plaintiff on account of a breach of the duty of the defendant to repair the rented premises.

Since the petition as finally amended alleges that the plaintiff and another tenant and the defendant entered into a contract in October, 1945, for the rental of the premises at $6 per month, and that the defendant has received said sum from the plaintiff who has resided on said premises continuously since said time, the relationship of landlord and tenant is now sufficiently alleged. See *Hill* v. *Liebman Inc.*, 53 *Ga. App.* 462 (186 S. E. 431).

Also the petition as amended alleges that the back porch from which she fell was approximately 12 feet long from east to west and approximately 6 feet in width from north to south; that the only entrance thereto was from the kitchen through a door which opened approximately in the center of said porch; that at all times during her tenancy the northwest corner of said back porch covering an area of approximately 3 feet square was patently defective in that the flooring was visibly rotten, unsound, and unsafe; that the plaintiff had given the defendant notice of the patently defective condition of the porch and requested that it be repaired; that to repair the same it would be necessary to cross over the center of the porch approaching it from the doorway; that the petitioner was careful not to walk on the patently defective part of the porch; that on an alleged date after notice of the patent defects she walked onto the back porch and the same gave way causing her to fall to the ground 18 feet below, injuring her in the manner alleged; that at the point where she was walking on the porch at the time she fell the same was latently defective of which she had no knowledge; that had the porch been repaired pursuant to notice at the point of its patent defects, the latent defects which caused plaintiff to fall and located within approximately 3 feet of the patent defects would in the exercise of ordinary care have been discovered. It is therefore a proper question for the determination of a jury as to whether or not the latent defects in this close proximity to the patent defects of which the defendant had notice, in the exercise of ordinary care would have been discovered, had the premises been repaired by the defendant landlord. The petition as amended sets forth a cause of action (see *Shaddix* v. *Eber-*

*hardt*, 55 *Ga. App.* 498, 190 S. E. 408), provided the second amendment is properly to be considered a part of the petition.

■ The first demurrer to the petition was sustained on September 24, 1947. In this order 15 days was allowed in which to amend or the petition would stand dismissed. On September 30 an amendment, properly allowed, was filed, which however failed to cure all the defects of the original petition and was itself otherwise defective. Another demurrer was filed to the petition thus amended on October 8, 1947. No action was had thereon until April 16, 1948, on which date the judgment excepted to here sustaining this second demurrer was entered. In the meantime and on March 29, 1948, the second amendment perfecting the petition was allowed and filed. This latter amendment was not considered by the trial court for the reason set forth in his order hereinbefore quoted. The four grounds of the first demurrer, the sustaining of which the defendant contends became the law of the case, the judgment being unexcepted to, are as follows: "1.—That no cause of action is set forth against this defendant in said petition. 2.—The allegations of said petition do not show that the relation of landlord and tenant ever existed between the plaintiff and defendant in this case. The said petition does not show when any contract of rental was entered into, the duration of any contract of rental or the rate of rental, or any other allegation that any contract of rental was ever entered into between said plaintiff and defendant. 3.—The said petition failing to set forth any contract of rental or that the relation of landlord and tenant ever existed between the parties in this case, the alleged notices of defective flooring in said premises consequently are insufficient to impose any obligation upon the defendant herein, or to show any ground of liability against said defendant for the alleged injury set forth in said petition. A notice by an alleged tenant to one not his landlord, or a notice to an alleged landlord by one not his tenant is insufficient to impose upon the alleged landlord any duty of inspection or repair. 4.—The allegations in paragraph 8 of said petition 'that the defective flooring was patently noticeable in the northwest corner of said porch and around the stove in the southwest corner of the kitchen and at the middle of the hallway' are not sufficient to charge the landlord with notice of,

or with negligence in failing to discover the alleged latent defects 'that the paneling and flooring were rotten and unsound underneath' said porch. No inference is authorized from the facts alleged that an inspection by the landlord of the defects alleged in said petition would have in the exercise of ordinary care and diligence led to the discovery of the latent defects alleged in said petition."

These grounds of the demurrer are directed to the failure of the petition to properly allege the relationship of landlord and tenant, and notice to the landlord of the defects; also the failure of the petition to allege such defects in the premises as to state a cause of action. The plaintiff, within the 15-day period allowed her to amend, made a bona fide effort to do so in such manner as to cure the defects. The first amendment cured the latter defect, but if anything, made the other ones worse. The second amendment was required to cure the remaining defects in the petition.

It is well settled that when a demurrer to a petition is sustained and the judgment thus entered is unexcepted to, the same becomes the law of the case. See *Burruss* v. *Burruss,* 196 *Ga.* 813 (27 S. E. 2d, 748); *Howell* v. *Fulton Bag & Cotton Mills,* 188 *Ga.* 488 (4 S. E. 2d, 181); *City of Hapeville* v. *Jones,* 194 *Ga.* 57 (20 S. E. 2d, 599); *Brown* v. *Kress & Co.,* 43 *Ga. App.* 778 (159 S. E. 893); *Darling Stores Corp.* v. *Beatus,* 197 *Ga.* 125 (28 S. E. 2d, 124). It is also well settled that where such a judgment allows a specified time in which to amend the petition, or upon failure to amend within said time the petition "be dismissed" or "be hereby dismissed" or "is dismissed" or shall "stand dismissed," and no amendment is filed within said time, or if filed and fails to correct the defects of the petition and no other amendment is filed correcting the same, it is proper for the court to dismiss the petition. See *Smith* v. *Bugg,* 35 *Ga. App.* 317 (133 S. E. 49), and cases cited.

However, in *Klotz* v. *Raymond,* 61 *Ga. App.* 30 (1) (5 S. E. 2d, 613), the following is held: "Where to the petition in the present case general and special demurrers were filed, and on the hearing the general demurrer was withdrawn without prejudice, and the court passed an order the legal effect of which was not to dismiss the petition in præsenti, but providing,

in response to the special demurrers, that the case would "stand dismissed" if the petition was not amended within twenty days, such order was not a final judgment, but was conditional, with jurisdiction of the case retained by the court; and upon the filing of an amendment within the time specified, although it was imperfect because it failed to comply with the order as to remedying the defects pointed out by the special demurrers, the merits of the case were opened for fresh adjudication; and it was within the power of the court, thus retaining jurisdiction of the case, to entertain and allow a proper amendment to the petition, offered before an actual dismissal of the case. Accordingly, the court did not err, after the filing of the imperfect amendment within the time specified, and the filing, after such time, of an amendment which, as we hold, cured the defects of the petition as pointed out by the special demurrers, in overruling the defendant's motions, filed before the final amendment, to strike the case from the docket and to dismiss the action on the ground that the original order as to perfecting the petition had not been complied with in the time specified. *Smith* v. *Bugg*, 35 *Ga. App.* 317 (133 S. E. 49) ; *Zipperer* v. *Helmnly*, 148 *Ga.* 480 (97 S. E. 74). See also, as to the allowance of an imperfect amendment opening up the case for a fresh adjudication, *Trust Company of Georgia* v. *Mobley*, 40 *Ga. App.* 468, 473 (150 S. E. 169) ; *Georgia Power Co.* v. *Richards*, 42 *Ga. App.* 741, 742 (157 S. E. 241)."

In the instant case the order provides, "Plaintiff is given 15 days in which to amend and on failure to amend, the petition stands dismissed." The similarity of the order sustaining the demurrer in the instant case and in the *Klotz* case is striking. It was there held that the language of the order was not such, that its legal effect would be to dismiss the case in præsenti, that it was not a final judgment but was conditional, with the jurisdiction of the case retained by the court. There, as here, within the time allowed an imperfect amendment was filed which failed to remedy all the defects in the petition pointed out by the demurrer. There, as here, after the expiration of the time, an amendment which remedied the imperfections of the petitioner was allowed and filed. It was held there that the allowance of this amendment was proper and that upon the filing of the first amendment to those defects the merits of the case were opened for fresh adjudication.

For an excellent treatise on this subject, see *Smith* v. *Bugg,* supra, cited in the briefs of counsel for both parties. See also *McConnell* v. *Frank E. Block Co.,* 26 *Ga. App.* 551 (1) (106 S. S. 617). It follows that although the judgment of the trial court sustaining the first demurrer to the petition which remained unexcepted to, became the law of the case, the only thing it concluded was that the original petition before any amendment was filed was subject to the demurrer interposed to it. After amendment the case was opened on its merits for fresh adjudication. The last amendment was properly allowed and should have been considered.

*Burruss* v. *Burruss,* supra, and *Howell* v. *Fulton Bag & Cotton Mills,* supra, cited in the brief of counsel for the defendant are cases dealing with special demurrers requiring a specific amendment and upon failure to amend in this specified manner the petition stood dismissed. In *City of Hapeville* v. *Jones,* supra, also cited by counsel for the defendant, no amendment was filed at all and the petition stood dismissed. *Brown* v. *Kress,* supra; *Thomas* v. *Ga. Ry. & Power Co.,* 23 *Ga. App.* 428 (98 S. E. 360), *Baker* v. *Atlanta,* 22 *Ga. App.* 483 (96 S. E. 332), *Scott* v. *Wells,* 23 *Ga. App.* 720 (99 S. E. 315), *Calhoun Oil &c. Co.* v. *W. & A.* R., 35 *Ga. App.* 436 (133 S. E. 348), *Thompson* v. *Mutual Investment Corp.,* 190 *Ga.* 308 (1) (9 S. E. 2d, 163), and *Hutchins* v. *Atlanta,* 62 *Ga. App.* 603 (9 S. E. 2d, 114), also cited in the brief of counsel for the defendant, establish substantially the principles of law that when the order sustaining the demurrer to the original petition is not excepted to, it becomes the law of the case and establishes that the petition did not set out a cause of action. The amendments in those cases which were filed in time did not cure the defects therein, but no subsequent amendments that did cure the defects were offered.

The judgment of the trial court sustaining the demurrer to the petition as first amended and without considering the second amendment which perfected the petition, is error.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*