## 33697.   SHEFFIELD *v.* ERVIN.

DECIDED OCTOBER 11, 1951—REHEARING DENIED NOVEMBER 15, 1951.

18

*McLennan & Cook,* for plaintiff.

*Walter A. Smith,* for defendant.

FELTON, J.  ■ Defendant in error contends that even though plaintiff below filed an amendment within the 20 days allowed, if

the amendment does not cure the defects pointed out by the demurrer, the dismissal of the action relates back to the date of the signing of the order sustaining the demurrer and giving leave to amend, that is, January 17, 1951, and that such date was more than 20 days before the tender of the bill of exceptions and that therefore the bill was not tendered in time, and further contends that no error is assigned upon the "final and determinative order" of January 17, but only upon a subsequent order of the court dated May 9, 1951, which order sustained objection of defendant in error to an amendment filed by plaintiff below on February 5, 1951, as not being a sufficient amendment to comply with the order dated January 17, and that thus at the time of the order of May 9, the case was no longer pending in the trial court, having previously been dismissed in praesenti by the order of January 17, and that no later order was required to effectuate dismissal, and that for these reasons the writ of error should be dismissed.  The contention is without merit.  If the law were as defendant in error contends, a plaintiff situated as plaintiff in error in the instant case is, could never test the legality of the ruling of the trial court that the amendment does not cure the defects pointed out by demurrer.  In a case where leave is granted to amend to meet the objections raised in demurrers, which were sustained, within a certain time or else the action shall stand dismissed, the party to whom leave to amend is granted cannot except directly within the time granted to amend to the order sustaining the demurrers and granting leave to amend (*Peyton* v. *Rylee,* 191 *Ga.* 40, 11 S. E. 2d, 195; *Upshaw* v. *Ragsdale,* 192 *Ga.* 11, 14 S. E. 2d, 486; *Georgia Ry. & Power Co.* v. *Kelly,* 150 *Ga.* 698, 105 S. E. 300; *Luke* v. *Ellis,* 201 *Ga.* 482, 40 S. E. 2d, 85; *Gamble* v. *Gamble,* 193 *Ga.* 591, 596, 19 S. E. 2d, 276), and if the party chooses not to amend, then the "automatic dismissal" is effective as of the expiration of the leave to amend. *Smith* v. *Atlanta Gas-Light Co.,* 181 *Ga.* 479 (2) (182 S. E. 603). However, if an amendment is filed within the time granted, the "automatic dismissal" feature of the order sustaining the demurrer is suspended temporarily.  In cases where the court issues an order granting leave to amend to meet objections raised by demurrer, the court necessarily retains jurisdiction of the case for the purpose of determining whether or not the amend-

ment filed, if in fact filed and in time, meets the objections raised by the demurrer and jurisdiction is necessarily retained to issue an order at the hearing on the amendment that either the amendment meets the objections raised in the demurrer and that the petition as amended is still in court, or that the amendment does not meet the objections raised by the demurrer and that thus, according to the original order, the action is dismissed, in which case the "automatic dismissal" feature is revived and the case stands dismissed as of the expiration of the leave to amend. However, notwithstanding the fact that the case stands dismissed as of the expiration of the leave to amend, *for the purposes of appeal* the case is treated as being dismissed on the date of the order ruling on the sufficiency of the amendment and the losing party has twenty days from the issuance of such order within which to except to the order and test the legality of the ruling of the court on the sufficiency of the amendment. The motion to dismiss the writ of error is overruled.

■ The second amendment was tendered after the expiration of the 20-day leave to amend but prior to the ruling on the sufficiency of the first amendment. Plaintiff in error contends that the court erred in disallowing his second amendment even though not filed within the 20 days allowed in the original order sustaining the demurrer. In *Smith* v. *Bugg*, 35 *Ga. App.* 317 (133 S. E. 49), a demurrer to the petition was sustained with a five-day leave to amend to meet the objections set out in the demurrer; in the event of failure to do so it was ordered that "said petition be dismissed." Within the five days allowed, plaintiff filed, and had allowed subject to demurrer, an amendment which did not meet the objections raised in the demurrer. At the hearing on the sufficiency of the amendment and after expiration of the five days allowed to amend, defendant moved to dismiss the petition because the amendment did not conform to the original ruling of the court. Upon this hearing plaintiff, on leave granted by the court, prepared and submitted an additional amendment completely curing the defect pointed out by the demurrer. On objection of defendant this amendment was disallowed, and the petition was dismissed on defendant's motion, and plaintiff excepted. On appeal this court held: "Where a petition was heard on demurrer, and the court passed an order the legal and

reasonable purport of which was not to dismiss the petition, but declaring that it would be dismissed unless amended within a given time in response to the demurrer, this conditional order could not operate as a final judgment of dismissal, but upon the filing of an amendment within the time allowed and in response to the order, and upon objection thereto, the merits of the petition as amended were opened up for a fresh adjudication, and it became the duty of the court thus retaining jurisdiction of the case to entertain and allow any proper amendment to the petition, offered at the final hearing and before the case became actually dismissed." In *Klotz v. Raymond*, 61 *Ga. App.* 30 (5 S. E. 2d, 613), it was held that an order reading "said case will stand dismissed if not amended within twenty days" did not have the legal effect of dismissing the petition in praesenti and held that "such order was not a final judgment, but was conditional, with jurisdiction of the case retained by the court; and upon the filing of an amendment within the time specified, although it was imperfect because it failed to comply with the order as to remedying the defects pointed out by the special demurrers, the merits of the case were opened for fresh adjudication; and it was within the power of the court, thus retaining jurisdiction of the case, to entertain and allow a proper amendment to the petition, offered before an actual dismissal of the case." As in the *Bugg* case, the second amendment offered in the *Klotz* case was tendered after the expiration of the time granted to amend. In *Bradshaw v. Crawford*, 77 *Ga. App.* 441 (49 S. E. 2d, 169), in which case the order read, "Plaintiff is given 15 days in which to amend and on failure to amend, the petition stands dismissed," it was held on authority of *Klotz v. Raymond*, supra, that the filing of an imperfect amendment within the time allowed opened the merits of the case for fresh adjudication and that thus an amendment filed after the expiration of the leave to amend tending to cure the defects pointed out by the original demurrer should have been allowed and considered by the trial court. Under the rulings in those cases we cannot but hold that the court erred in not allowing the amendment tendered by plaintiff on May 9 and before a final ruling on the first amendment.

■ When plaintiff, instead of excepting to the judgment of the

court of January 17 sustaining defendant's demurrer, filed an amendment to the petition, she acquiesced in that judgment, and the ruling that the petition did not state a cause of action became the law of the case. *Gamble* v. *Gamble,* 193 *Ga.* 591 (19 S. E. 2d, 276). In order for the amendment to perfect the petition under the law of the case, it must substantially change the original petition. Suffice it to say without setting out the pleadings that the paragraphs of the amendment filed on February 5 are mere elaborations of the paragraphs they were substituted for, and the petition as amended was only an elaboration of the original petition. There was no substantial difference in the facts alleged in the amended petition and those alleged in the original petition. Conceding for the sake of argument that the special demurrers were sufficiently met by amendment, the order of the court of May 9 dismissing the action dealt only with the general demurrer sustained January 17. In this connection see *Speer* v. *Alexander,* 149 *Ga.* 765, 767 (102 S. E. 150). While the court correctly ruled that the amendment of February 5 did not perfect the original petition under the law of the case, it is possible that the amendment tendered May 9 and disallowed by the court perfected the petition as first amended, and under our ruling in division 2, the court should have allowed and considered this amendment. It is not legally possible for this court at this time to consider whether or not the second amendment tendered perfected the petition as first amended because the trial court's ruling as to the disallowed amendment was that it was filed too late under his order of January 17 and that therefore the court was without jurisdiction to allow and consider the amendment.

The court erred in disallowing the amendment tendered May 9 and in dismissing the action.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*