### ERVIN *v.* SHEFFIELD.

CANDLER, Justice. Mrs. R. B. Sheffield sued Mrs. Ruth Ervin for damages. Her petition was demurred to generally on the ground that it failed to state a cause of action. Special demurrers were also interposed to several paragraphs of the petition. The trial judge, on January 17, 1951, sustained the general demurrer and some of the special demurrers, and ordered that "the plaintiff is hereby granted 20 days from this date in which to amend her petition to meet the demurrers, failing which her petition shall stand dismissed." On February 5, 1951, the plaintiff tendered an amendment to her petition, which was allowed subject to objection and demurrer. The defendant, on February 23, 1951, objected to the amendment on the ground that it added nothing new or of substance to the petition, and for that reason failed to meet the demurrers. She also moved at the same time to dismiss the petition. During a hearing of the defendant's objection and of her motion to dismiss, the plaintiff, on May 9, 1951, tendered another amendment to her petition which was disallowed by the trial judge on the ground that it came too late. Holding that the amendment of February 5, 1951, did not relieve

the petition of its defects, the trial judge sustained the objection thereto and entered an order formally dismissing the petition. The plaintiff excepted and sued out a writ of error to the Court of Appeals. That court held that the amendment of February 5, 1951, did not relieve the petition of its defects, and consequently did not meet the demurrers; but also held that the plaintiff's tendered amendment of May 9, 1951, should not have been disallowed as coming too late, even though tendered after the time allowed for amendment had expired. *Sheffield* v. *Ervin,* 85 *Ga. App.* 17 (67 S. E. 2d, 593). The case then came to this court on certiorari to the Court of Appeals. The application therefor, as filed by Mrs. Ervin, alleges that the Court of Appeals erred in holding that the plaintiff's amendment of May 9, 1951, was not too late for consideration by the trial court; and, since that is the only ruling made by the Court of Appeals upon which error is assigned, we will, under certiorari rule 45, deal only with that question. *Held*:

Under the unanimous holding of this court in *Simpson* v. *Hayes,* 208 *Ga.* 754 (69 S. E. 2d, 567), the Court of Appeals erred in the ruling complained of and its judgment is for that reason erroneous and will not be permitted to stand.

*Judgment reversed. All the Justices concur.*

No. 17754. ARGUED MARCH 11, 1952—DECIDED APRIL 16, 1952.

*Walter A. Smith,* for plaintiff in error.
*Dudley Cook,* contra.