## 42891.   PITTMAN v. PRESLEY ELECTRIC COMPANY et al.

22

SUBMITTED JUNE 6, 1967—DECIDED JUNE 16, 1967.

*Miles B. Sams,* for appellant.

*Long, Weinberg & Ansley, Ben L. Weinberg, Jr., Gregg Loomis,* for appellees.

EBERHARDT, Judge. ■ Presley Electric moves to dismiss the appeal, contending that the notice of appeal was not timely filed. The basis of the contention is that plaintiff's amendment did not conform to the order of January 31 and the petition therefore stood dismissed as of February 20, the automatic dismissal date on failure to amend.

The motion is denied. In a case where leave is granted to amend within a specified time to meet the objections raised in demurrers which were sustained, in default of which the action shall stand dismissed, if the party chooses not to amend, then

the automatic dismissal is effective as of the expiration of the leave to amend. See *Humphries v. Morris,* 179 Ga. 55 (175 SE 242); *Smith v. Atlanta Gas-Light Co.,* 181 Ga. 479 (182 SE 603); *Mason v. Beale,* 182 Ga. 896 (187 SE 105); *City of Hapeville v. Jones,* 194 Ga. 57 (20 SE2d 599). However, if an amendment is filed within the time granted, the "automatic dismissal" feature of the order sustaining the demurrer is suspended temporarily. The court necessarily retains jurisdiction for the purpose of determining whether the amendment filed, if in fact filed and in time, meets the objections raised by the demurrer and to issue an order at the hearing that either the amendment meets the objections raised in the demurrers and that the petition as amended is still in court, or that the amendment does not meet the objections raised by the demurrer and that thus, according to the original order, the action is dismissed, but *for the purposes of appeal* the case is treated as being dismissed on the date of the order ruling on the sufficiency of the amendment and the losing party has thirty days from the issuance of that order within which to file notice of appeal from the order. *Sheffield v. Ervin,* 85 Ga. App. 17 (67 SE2d 593), reversed on other grounds in *Ervin v. Sheffield,* 209 Ga. 27 (70 SE2d 513); *Peyton v. Rylee,* 191 Ga. 40, 43 (11 SE2d 195).

Since in the case at bar, plaintiff amended his petition as allowed by the previous order, there was no final judgment from which appeal could be taken until the entering of the order of April 7. Cf. *Perkins v. First Nat. Bank,* 221 Ga. 82 (7) (143 SE2d 474). Notice of appeal from this order was timely filed on April 18 and the motion to dismiss is without merit.

■ The only allegation of negligence against the defendant Presley was a general allegation. Special demurrers calling for specifics were sustained. Within the time allowed in the order for amending, an amendment was tendered, which the trial court found to be wholly insufficient, and we agree. Consequently, dismissal of the petition as to Presley, in accordance with the order sustaining the demurrers, was proper. *Watson v. Atlanta Gas Light Co.,* 46 Ga. App. 326 (167 SE 718).

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*