Calhoun *vs.* McLendon.

JOSEPH CALHOUN, plaintiff in error, *vs.* H. N. McLENDON, defendant in error.

Where a party applies, under the Act of 1868, for homestead, and the facts show that he is a bachelor, having no person depending on him for support and maintenance, which the law imposes on him as a legal duty, and the Court below affirms the judgment of the Ordinary, holding that such single person was not the head of a family, and not entitled to a homestead:

*Held,* That there was no error in the judgment, but that it was in consonance with the judicial interpretation of the Constitution by this Court in the premises:

*Held,* That the Act of 1870, declaring a single person to be the head of a family, is not a judicial construction of the Constitution; that the judiciary, under our government, is alone empowered to interpret the Constitution and laws, and, with great deference to the Legislative Department of the State Government, we hold that it is not competent to enact that a single person living to himself or herself is the head of a family within the meaning of Article VIII., section 1, of the Constitution, but the decision of this Court on that subject is paramount.'

Homestead.  Constitutional Law.  Before Judge BIGBY. Coweta Superior Court.  September Term, 1870.

Calhoun, a bachelor, with no family but hired servants, applied for a homestead, as the head of a family.  McLendon, a creditor, objected, and the Court ruled that Calhoun was not the head of a family.  That is assigned as error.

SMITH & TURNER, for plaintiff in error.  Servants constitute family: 1 Bouv. Dic., Family; Webster's Dictionary, Family; Am. L. Times, 267; Act of 1868, sec. 7; Act of 1870.

WRIGHT & DOUGLASS, by J. B. S. DAVIS, for defendant.

LOCHRANE, C. J.

1. The simple question raised by this record is whether a bachelor, without any persons dependent upon him, is entitled to a homestead, under the Constitution and laws of this

State, *is the head of a family.* The applicant petitioned the Ordinary, under the Act of 1868, setting out that he was the head of a family, consisting of servants, etc. The defendant in error objected to the application, and the Ordinary sustained the objection. He then appealed to the Superior Court, and the testimony was submitted, by consent, to Judge Bigby, who presided. The proof showed that Calhoun had never been married; that he had certain servants, which he claimed constituted him the head of a family. The Judge held he was not the head of a family, and this is the error assigned.

This Court has held that a single man, under the Constitution, having no persons dependent on him for a support or maintenance, in the meaning of the Constitution, was not the head of a family, and the servants proven to be in the employ of Calhoun, in this case, does not change the rule. If this case can be maintained, it must be by applying to it the provisions of the Act of 1870, section 7, whereby it is declared: "That any single person, male or female, or married person in a state of separation, who, at the time of the adoption of the present State Constitution, or before, lived habitually as housekeeper to himself or herself, on his or her own land, is hereby declared to be the head of a family." The argument in this case invokes our decision upon this question, as it would be unnecessary to dismiss this application and present another, if the law applies, and we can remand it with instructions governing it.

2. A difficulty, however, arises in the construction of the Act of 1870, not seemingly contemplated by the counsel who invokes it application. This Court, in 40 *Georgia Reports,* 173, gave judicial interpretation to the constitutional provisions regarding homestead, and decided what constitutes *a head of a family,* under the same.

The Constitution declares: "Each head of a family or guardian or trustee of a family of minor children shall be entitled to a homestead," etc. "And it shall be the duty of

Calhoun *vs.* McLendon.

the General Assembly, as early as practicable, to provide by law for the setting apart and valuation of said property, and to enact laws for the full and complete protection and security of the same to the sole use and benefit of said families as aforesaid."

The Constitution in using the terms "each head of a family," left the question of what constituted the head of a family open for interpretation; and the Courts alone had the right to interpret the question, or to say who was, within the meaning of the Constitution, the head of a family. And after such interpretation can this Court hold that the Legislature was clothed with the power to change the law as laid down by the Court? This Court has laid down the law to be that a single person, without dependents of kindred whose maintenance the law imposes on him, is not the head of a family in the contemplation of the Constitution. And, while we have great respect for the law-making power, we cannot defer to its construction of the Constitution or laws. That power is lodged in the judiciary, and we need not multiply authorities to demonstrate a principle so clear that its assertion would be weakened by the implied necessity of an argument. The only question is, did the Act of 1870 come within the powers conferred upon the Legislature by the Constitution in regard to homestead.

The duty is devolved on the General Assembly to provide by law for setting apart and valuation of the property, and to enact laws for security thereto. Does this expression of duty imply the right to legislate who should be the head of a family? It is true, it is not directly in conflict with the Constitution, but it is equally true that it is in conflict with the decision of this Court. Now, in matters of conflict upon construction, we have just said the Courts are paramount. In a case decided last week, *Walker vs. Walker*, I stated in delivering the judgment of the Court, that the act we were invoked to exercise was a legislative act, and not a judicial one. It was not one of construction but of legislation. In

the dividing line of power between these co-ordinate branches we find here the boundary—construction belongs to Courts, legislation to the Legislature. We cannot add a line to the law, nor can the Legislature enlarge or diminish a law by construction. There are cases where the legislative intent guides the Court in the construction or exposition of what the law is, and Courts look to the intent of the Legislature as an element in their construction. But when the Constitution is the subject-matter of construction, the Courts are the authority. And we have no hesitation in saying the Legislature cannot, by the declaration of an Act, make a single person living to him or herself the head of a family, whatever may be their power to exempt property from levy belonging to such persons. And we therefore in this case affirm the judgment of the Court below.