## 19404. KUMPE v. HUDGINS.

BELL, J. 1. Where, on hearing a general demurrer to a petition, the court sustained the demurrer, but in the order provided that the plaintiff should have "ten days leave to amend, and [that] upon failure to amend so as to set out a case the petition shall stand as dismissed," the effect of the judgment was that, in the absence of any sort of amendment, the petition was dismissed at the expiration of ten days. *Georgia Railway & Power Co.* v. *Kelly*, 150 *Ga.* 698 (105 S. E. 300); *Beermann* v. *Economy Laundry Co.*, 153 *Ga.* 21 (111 S. E. 399); *Warm Springs Banking Co.* v. *Riehle*, 39 *Ga. App.* 288 (146 S. E. 646); *Atlantic Refining Co.* v. *Peerson*, 31 *Ga. App.* 281 (3) (120 S. E. 652); *Smith.* v. *Bugg*, 35 *Ga. App.* 317 (2), 320 (133 S. E. 49).

2. "Under the decision in *Johnson* v. *Vassar*, 143 *Ga.* 702 (85 S. E. 833), the mere filing in the office of the clerk of the superior court of a paper called an amendment, but without any allowance by the judge or order permitting it to be filed, does not amount to amending the petition." *Clark* v. *Ganson*, 144 *Ga.* 544 (2) (87 S. E. 670). Even if tendering

an amendment to the presiding judge and furnishing a copy to opposing counsel could be considered as answering this rule, the presiding judge in the present case failed to verify that the amendment had been tendered to him, certifying that he had no recollection of such fact, and it affirmatively appearing that the amendment, though filed in the office of the clerk of the court, was never allowed, this court is compelled to treat it as a mere nullity as respects any compliance with the judgment upon the demurrer. See also *Pasco Flour Mills Co.* v. *City Supply Co.*, 23 *Ga. App.* 95 (2) (97 S. E. 558); *Dunham Lumber Co.* v. *Tumlin*, 28 *Ga. App.* 424 (111 S. E. 586).

3. If the judgment had *overruled* the demurrer so as to leave the case pending, the defendant might have filed exceptions pendente lite, in which event the ruling on the demurrer would have become interlocutory and reviewable only after termination of the case, on exceptions to the final judgment therein (*Durrence* v. *Waters*, 140 *Ga.* 762, 79 S. E. 841; *Durrence* v. *Waters*, 143 *Ga.* 223, 84 S. E. 471); but since the judgment was such as to *sustain* the demurrer and to operate as a dismissal of the case, where the petition was not amended, the plaintiff had the option either of amending the petition or of suing out a direct bill of exceptions; but the judgment could not be made the subject of exceptions pendente lite. *Chipman* v. *Cornwell*, 111 *Ga.* 862 (2) (36 S. E. 923).

4. The judgment on the demurrer having been rendered on July 14, the bill of exceptions tendered on October 26 was too late to bring such judgment under review. Civil Code (1910), § 6152. The bill of exceptions, however, will not be dismissed in the instant case, since it contains a timely assignment of error upon a later judgment entered by the court upon a motion of the defendant, which, though referring to the same case, constituted a new proceeding.

5. The plaintiff having failed to amend the petition within the terms of the order, but the case having remained upon the docket and having been assigned for trial, the court did not err in sustaining the motion of the defendant to strike the case from the docket and to declare it dismissed as of the date of the original judgment on the demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 15, 1922. REHEARING DENIED JUNE 17, 1929.

*Charles W. Anderson,* for plaintiff.
*Carl T. Hudgins,* for defendant.