## Smith v. Atlanta Gas-Light Company.

Bell, Justice. On April 8, 1935, the court sustained demurrers to the petition, and ordered that "the case shall automatically stand dismissed unless the plaintiff shall amend same in 20 days." No amendment was offered. On May 20, 1935, the following order was passed: "It being made to appear to the court that the plaintiff has not amended her petition in accordance with the order of this court passed on April 8, 1935, it is therefore ordered, adjudged, and decreed that said case be and the same is hereby dismissed." The case was brought to this court by a bill of exceptions which recited, without date, that it was tendered "within the time provided by law," and which was certified by the trial judge on July 18, 1935. There was no other exception to either order. *Held:*

1. A bill of exceptions to review a judgment rendered in term must in every case be tendered to the trial judge within thirty days from the adjournment of the court, and must be tendered within sixty days from the judgment complained of, where the court is not adjourned within 30 days from its organization. Code of 1933, § 6-902.

2. The effect of the order passed by the court on April 8 was, that, in the absence of any amendment, the petition was dismissed at the expiration of twenty days. The failure to amend left no part of the case pending in court. *Clark* v. *Ganson*, 144 *Ga.* 544 (87 S. E. 670); *Speer* v. *Alexander*, 149 *Ga.* 765 (102 S. E. 150); *Georgia Railway & Power Co.* v. *Kelly*, 150 *Ga.* 698 (105 S. E. 300); *Blyth* v. *White*, 178 *Ga.* 488 (2) (173 S. E. 421).

3. Since the bill of exceptions, certified on July 18, assigned error upon two orders, one dated April 8, and the other dated May 20, the recital that it was tendered "within the time provided by law" is ambiguous, and will be construed as referring to the last order only. *Curtis* v. *Mansfield*, 132 *Ga.* 444 (64 S. E. 327); *Jones* v. *State*, 146 *Ga.* 8 (3) (90 S. E. 280); *Dill* v. *Taylor*, 160 *Ga.* 234 (4) (127 S. E. 737); *Zachry* v. *Peoples Bank of Franklin*, 168 *Ga.* 469 (148 S. E. 165); *Durham* v. *Dowling*, 174 *Ga.* 557 (163 S. E. 503); *Coker* v. *Life & Casualty Ins. Co.*, 180 *Ga.* 525 (179 S. E. 626).

4. It must affirmatively appear from the bill of exceptions or the entries thereon, or the record, that the bill of exceptions was presented within the time prescribed by law. *Crawford* v. *Goodwin*, 128 *Ga.* 134 (57

S: E. 240). Under the rulings made above, there is nothing to show that the bill of exceptions was presented within sufficient time to bring the order of April 8 under review, and therefore the order must be treated as one to which no exceptions were taken.

5. The plaintiff having failed to amend the petition within the terms of the order of April 8, and no proper exceptions to this order having been taken, the order became the law of the case; and the court did not err in passing the order of May 20, *formally* dismissing the petition. *Humphries* v. *Morris*, 179 *Ga.* 55 (175 S. E. 242) ; *Kumpe* v. *Hudgins*, 39 *Ga. App.* 788 (149 S'. E. 56).

*Judgment affirmed. All the Justices concur.*

No. 10994. November 16, 1935.

G. *Seals Aiken* and *Thomas & Hartley,* for plaintiff.

*Alston, Alston, Foster & Moise* and *Henry J. Miller,* for defendant.