## HOWELL *et al.* v. FULTON BAG & COTTON MILLS *et al.*

No. 12913. JULY 14, 1939.

*J. V. Poole* and *C. D. Stewart*, for plaintiffs.

*John M. Slaton* and *James J. Slaton*, for defendants.

JENKINS, Justice. Howell and numerous other former employees sued Fulton Bag & Cotton Mills and two of its officers, for an accounting and recovery of their alleged respective shares of a benefit fund for sick employees, into which the employees of the mills had paid twenty-five cents a month from their salaries, which had been maintained by the mills corporation for more than twenty-five years before the passage of the social-security act in 1937, but which was then discontinued and distributed among existing employees. The defendants filed demurrers on numerous general and special grounds. The general demurrer was not passed upon. Amendments to the petition were filed, in response to special demurrers and rulings thereon. Paragraph 21 of the petition alleged: "Petitioners show that they were not employees of the Fulton Bag & Cotton

Mills at the time said distribution was made, and received no part of the money distributed by the defendants; that they had all been employees of the said Fulton Bag & Cotton Mills, and had contributed 25 cents each month of the wages to the funds, part of which was distributed by the said Cotton Mills to its then employees during the summer of 1937." The defendants specially demurred to this paragraph, on the ground that "the allegations are vague and indefinite, and they do not show any right of the plaintiffs to make any complaint, and plaintiffs do not set forth what any of them received as sick benefits while they were employees." On January 25, 1939, the court passed an order sustaining this among other grounds of the special demurrer; and provided that "plaintiffs are granted 30 days in which to amend their petition in conformity with the ruling herein, or, *in default, the petition to stand dismissed.*" No exception pendente lite was taken to this order; no error was assigned thereon; and the present bill of exceptions, brought only from a subsequent order, was not tendered until May 1, 1939. After the above order on the special demurrer, the plaintiffs filed two amendments, the first and only one now material alleging as follows:

"3. Plaintiffs show that a record of the amount taken out of plaintiffs' wages during their employment was kept by defendants; also a record was kept by defendants of the amount of money that was paid out as sick benefits to plaintiffs and other employees of the Fulton Bag & Cotton Mills.

"4. Plaintiffs show that no records of the amount taken out of plaintiffs' wages, nor the amounts paid out to plaintiffs as sick benefits, or payments, were kept by plaintiffs or any one other than defendants.

"5. Plaintiffs show that all these records and information are now in the possession and control of defendants; that plaintiffs intend to have these records present in court at the proper time and place; that defendants have kept plaintiffs' money and also the records concerning the amount deducted and kept by them."

In the same amendment the plaintiffs set forth an itemized statement, showing the exact dates when they began and ended their employment, and the exact amounts which they paid into the sick benefit fund. However, neither in this nor any amendment did they conform to the ruling which required them to allege

"what any of them received as sick benefits while they were employees." The only reason assigned for this failure appears in the above-quoted portion of their first amendment. On the hearing of a motion to dismiss the action because of the non-compliance with the order requiring the particular amendment, the court, on April 4, 1939, passed an order, reciting the pleadings, the order stated, the failure to file such amendment, and that "this was a material fact called for," sustaining the motion of the defendants, and dismissing the action "in conformity with the order" requiring the amendment. The plaintiffs except only to the last-mentioned order. In their brief they state that the only questions before this court are whether the paragraph in question in their petition was "so vital to the life of the cause of action as to warrant the court in dismissing plaintiffs' entire suit," even if there was no proper amendment; and whether there was a proper amendment "and reason given for not furnishing details of money received as sick benefits."

1. (a) Where on demurrer to a petition an order is entered, requiring that the petition be amended by setting forth certain facts construed by the order to be material to the cause of action, and that in default of such amendment within a stated time the petition "stand dismissed," such order is the law of the case, in the absence of timely exception and writ of error therefrom; and a dismissal of the action automatically results, or a formal order of dismissal is proper, if the plaintiff fails to conform to its terms. *Speer* v. *Alexander*, 149 *Ga.* 765, 767 (102 S. E. 150) ; *Smith* v. *Atlanta Gas-Light Co.*, 181 *Ga.* 479 (1, 2, 5) (182 S. E. 603) ; *Clark* v. *Ganson*, 144 *Ga.* 544 (87 S. E. 670), and cit.; *Humphries* v. *Morris*, 179 *Ga.* 55 (175 S. E. 242) ; *Kumpe* v. *Hudgins*, 39 *Ga. App.* 788 (149 S. E. 56), and cit.; *Marbut* v. *So. Ry. Co.*, 22 *Ga. App.* 330, 332 (95 S. E. 1021).

(b) If it should be assumed that such an order, unexcepted to, will not be the law of the case as to the vital materiality of the amendment with respect to a dismissal of the petition, and that upon this question a plaintiff who has failed to amend could be heard at the time a formal order of dismissal is taken, in the instant case the required amendment related to a matter which the defendants were entitled to have pleaded; and upon the plaintiffs' failure to comply with the order requiring them to furnish the

information sought by special demurrer, their petition was properly dismissed. See, as to the right of a party to call by special demurrer for material facts: *Kemp* v. *Central of Ga. Ry. Co.,* 122 *Ga.* 559 (4), 561 (50 S. E. 465); *Cherokee Mills* v. *Gate City Cotton Mills,* 122 *Ga.* 268 (2), 272 (50 S. E. 82). See also, as to a dismissal on special demurrer where a plaintiff fails to make a required material amendment: *Sutton* v. *Adams,* 180 *Ga.* 48, 71 (178 S. E. 365); *Ferrell* v. *Greenway,* 157 *Ga.* 535 (3) (122 S. E. 198); *News Publishing Co.* v. *Lowe,* 8 *Ga. App.* 333, 334 (69 S. E. 128); *McSwain* v. *Edge,* 6 *Ga. App.* 9, 11 (64 S. E. 116).

2. Assuming that after an order on special demurrer is passed, requiring a specific amendment of a petition or its dismissal upon failure so to amend within a stated time, it would suffice, to prevent a dismissal, merely to file an amendment stating good reasons for not setting forth the facts called for, in the absence of any proper exception to the order, the instant amendment was not thus sufficient, since it did not state any good reason for the non-compliance. The amended petition alleged that the plaintiffs had made stated contributions from their salaries to a sick-benefit fund, which they sought to recover. The order required them to state what they had received from such fund as sick benefits during their employment. The only reason assigned in their amendment for not stating these amounts was that the defendants had kept a "record" and the plaintiffs had not kept "records" of these payments; and it was in no wise alleged that the plaintiffs did not know, independently of "records," what they thus received, so as to render it impossible for them to state these required facts.

3. For the foregoing reasons, the court did not err in entering an order formally dismissing the action on the special demurrer, after a non-compliance with the first order requiring the amendment stated.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., disqualified.*