### Rivers *et al.* v. Key *et al.*

Bell, Justice. Upon consideration of general demurrers to a petition, the following order was passed: "The general demurrers of each of the defendants . . are hereby sustained. The plaintiffs having requested leave to file an amendment, they are allowed to tender such amendment within 15 days from this date. Unless such amendment is tendered within said time, and unless the amendment, when and if tendered, is sufficient to set forth a cause of action, then the petition shall stand dismissed as to each of the defendants." Within the time stated the plaintiffs presented an amendment and obtained an order allowing it subject to demurrer and objection, and directing that it be filed as a part of the pleadings; and after service it was filed accordingly. No further action was taken in reference to such amendment, except that it was specified as a part of the record and was copied in the transcript, and except also what is stated later herein with respect to assignments of error. Within the time prescribed by law the plaintiffs sued out a

bill of exceptions assigning error upon the foregoing order sustaining the general demurrers, contending that the petition stated a cause of action, "especially after the allowance and filing of said amendment." Error was assigned also upon the overruling of a motion to continue the hearing on the demurrers until an administrator could be appointed on a designated estate and made a party defendant. The plaintiffs in error filed in this court a motion requesting that, in the event the writ of error should be adjudged premature, direction be given for leave to treat the official copy of the bill of exceptions as exceptions pendente lite. *Held:*

1. Whether or not the petition before its amendment was defective, as urged by the general demurrers, the plaintiffs having submitted to the adverse ruling on the demurrers by requesting leave and seeking to amend so as to conform thereto, they can not thereafter be heard to complain that the ruling was erroneous and that the amendment which they elected to offer was in fact unnecessary; and this is true notwithstanding they have sued out a writ of error on such ruling. *Glover* v. *Savannah, Florida & Western Railway Co.*, 107 *Ga.* 34 (3) (32 S. E. 876); *Walton* v. *Sikes*, 165 *Ga.* 422 (5) (141 S. E. 188); *Sherling* v. *Continental Trust Co.*, 175 *Ga.* 672 (165 S. E. 560); *McConnell* v. *Frank E. Block Co.*, 26 *Ga. App.* 550 (106 S. E. 617); *Smith* v. *Bugg*, 35 *Ga. App.* 317 (133 S. E. 49); *Stainback* v. *Dunn*, 53 *Ga. App.* 464 (3) (186 S. E. 220). The effect of the order sustaining the demurrers, as thus acquiesced in by the plaintiffs, was to adjudicate that the petition as it then stood was defective for the reasons stated in such demurrers. *Lavenden* v. *Haseman*, 157 *Ga.* 275 (121 S. E. 646); *Massell Realty Co.* v. *Washburn*, 35 *Ga. App.* 707 (134 S. E. 798); *Howell* v. *Fulton Bag & Cotton Mills*, 188 *Ga.* 488 (4 S. E. 2d, 181).

2. Since the plaintiffs must be held to have acquiesced in the ruling on the general demurrers and to have waived all right of exception thereto, and since there is no other order which can be treated as final, or which would have been final "if it had been rendered as claimed" by the plaintiffs in error, the writ of error must be dismissed as presenting no question for decision by this court. Code, § 6-701; *Rabhan* v. *Rabhan*, 185 *Ga.* 355 (195 S. E. 193). The overruling of the motion to continue was interlocutory, and the assignment of error on this ruling can not be entertained where there is nothing for decision on exception to a final judgment. *Stedham* v. *Farmers State Bank of Temple*, 37 *Ga. App.* 605 (141 S. E. 90); *Huson* v. *Bank of Covington*, 158 *Ga.* 434 (123 S. E. 742).

3. If the judgment had *overruled* the demurrers, so as to leave the case pending, the *defendants* might have filed exceptions pendente lite, in which event the ruling on demurrer would have become interlocutory; but since the judgment was such as to *sustain* the demurrers and to operate as a dismissal of the case in the absence of an appropriate and sufficient amendment, the plaintiffs had the option either of amending the petition or of suing out a direct bill of exceptions; but the judgment could not be made the subject of exceptions pendente lite. *Chipman* v. *Cornwell*, 111 *Ga.* 862 (2) (36 S. E. 923); *Newton* v. *Roberts*, 163 *Ga.* 135 (135 S. E. 505); *Kumpe* v. *Hudgins*, 39 *Ga. App.* 788 (3)

834

(149 S. E. 56). Accordingly, the request for direction that the plaintiff be given leave to treat the official copy as exceptions pendente lite must be denied. Moreover, since the plaintiffs have altogether waived the right to except to such ruling on the demurrers, as indicated above, they could not do so by exceptions pendente lite.

*Writ of error dismissed. All the Justices concur.*

No. 13088. FEBRUARY 16, 1940. REHEARING DENIED MARCH 15, 1940.

*H. E. Edwards,* for plaintiffs.
*J. A. Branch* and *W. H. Lewis,* for defendants.