## 28147. O'HARA v. RUTHERFORD.

DECIDED JULY 16, 1940.

*Gazan, Walsh & Bernstein,* for plaintiff in error.
*Grover C. Powell, W. A. Mason,* contra.

MacINTYRE, J. On April 25, 1939, the judge of the superior court signed the following order or judgment in this case: "The second, third, and fourth grounds of demurrer are hereby sustained, with the right of the plaintiff to amend within thirty days. Upon failure to so amend, petition stands dismissed. Numerous of the remaining grounds and a substantial part of the demurrer are questions of fact for determination by a jury, if established; therefore grounds one to twenty-two inclusive, with the exception of the second, third, and fourth grounds of demurrer as above stated, are overruled." It appears in the bill of exceptions that the "June term, 1939, of the superior court of Chatham County, Georgia, began on the first Monday, that being the fifth of June, 1939, and that the said June term, 1939, of the superior court of Chatham County, Georgia, is still in session [at the time of the signing of the bill of exceptions], and has not adjourned, and did not adjourn within thirty days from the date of the organization and opening of the June term, 1939, of said court." The bill of exceptions which brought this case to this court was certified on October 21, 1939, the defendant excepting to the judgment on the parts of his demurrer which were overruled. The case is now in this court on exceptions to the overruling of some of the grounds of demurrer. The plaintiff (defendant in error) moved to dismiss the case in this court on the ground that "It is clear from the record, as shown in the order allowing thirty days to amend, a certified copy of which is hereto attached, marked 'Exhibit A' [which

is quoted above], and the date of the certificate attached to the bill of exceptions herein, that at the time plaintiff in error undertook the appeal of the case to this court that there was nothing from which to appeal, the thirty days allowed having elapsed, and the case automatically stood dismissed. Therefore the question presented in said bill of exceptions is entirely moot, and presents no proper question for the consideration of this court." He prayed that the appeal of the plaintiff be dismissed on the ground that the questions presented therein are moot.

In *Clark* v. *Ganson,* 144 *Ga.* 544 (87 S. E. 670), the Supreme Court held that "where the order sustaining the demurrer allowed a definite time within which an amendment might be filed, and provided that if no such amendment was filed within the time allowed 'the suit to stand dismissed,' if no amendment was filed the suit was automatically dismissed." In *Smith* v. *Atlanta Gas-Light Co.,* 181 *Ga.* 479 (182 S. E. 603), "on April 8, 1935, the court sustained demurrers to the petition, and ordered that 'the case shall automatically stand dismissed unless the plaintiff shall amend same in 20 days.' No amendment was offered. On May 20, 1935, the following order was passed: 'It being made to appear to the court that the plaintiff has not amended her petition in accordance with the order of this court passed on April 8, 1935, it is therefore ordered, adjudged, and decreed that said case be and the same is hereby dismissed.'" The Supreme Court held that "the effect of the order passed by the court on April 8 was, that, in the absence of any amendment, the petition was dismissed at the expiration of twenty days. The failure to amend left no part of the case pending in court." Justice Jenkins, in *Howell* v. *Fulton Bag & Cotton Mills,* 188 *Ga.* 488, 490 (4 S. E. 2d, 181), gave the reason for this rule in a very apt and concise manner, thus: "Where on demurrer to a petition an order is entered, requiring that the petition be amended by setting forth certain facts construed by the order to be material to the cause of action, and that in default of such amendment within a stated time the petition 'stand dismissed,' such order is the law of the case, in the absence of timely exception and writ of error therefrom; and a dismissal of the action automatically results, or a formal order of dismissal is proper, if the plaintiff fails to conform to its terms. *Speer* v. *Alexander,* 149 *Ga.* 765, 767 (102 S. E. 150); *Smith* v. *Atlanta*

*Gas-Light Co.,* 181 *Ga.* 479 (1, 2, 5) (182 S. E. 603) ; *Clark* v. *Ganson,* 144 *Ga.* 544 (87 S. E. 670), and cit.; *Humphries* v. *Morris,* 179 *Ga.* 55 (175 S. E. 242) ; *Kumpe* v. *Hudgins,* 39 *Ga. App.* 788 (149 S. E. 56), and cit.; *Marbut* v. *So. Ry. Co.,* 22 *Ga. App.* 330, 332 (95 S. E. 1021).''

The fact that the plaintiff made a motion to dismiss the case on the ground that the question was moot, in that he had neither tendered nor filed an amendment as required by the order or judgment of the court, and that his failure to tender or file such amendment amounted to an automatic dismissal of his petition, and that he also failed to except to this ruling of the court dismissing his action, shows that he considered and treated his case as having been dismissed. The plaintiff having failed to amend the petition or tender an amendment within the terms of the order which compelled him to amend his petition upon pain of dismissal for failure so to do, and no proper exception having been taken, the order or judgment became the law of the case. We sustain the motion to dismiss the case as moot. *Pratt* v. *Gibson,* 96 *Ga.* 807 (23 S. E. 839) ; *Keen* v. *Nations,* 43 *Ga. App.* 321 (158 S. E. 631) ; *Blyth* v. *White,* 178 *Ga.* 488 (2) (173 S. E. 421).

*Writ of error dismissed. Broyles, C. J., and Gardner, J., concur.*