PEYTON *v.* RYLEE, administrator.

No. 13499.   OCTOBER 16, 1940.

*Hamilton Kimzey* and *Herbert B. Kimzey,* for plaintiff in error.
*J. B. G. Logan,* contra.

GRICE, Justice.   In amplification of his grounds of the motion the plaintiff in error makes the specific point that the court should have charged the jury that in order for complainant to prevail, she must, promptly on discovery of the fraud, restore or offer to restore whatever she has received by virtue of the contract, he contending that the undisputed evidence showed that a moneyed consideration had been paid, and that there had been no restoration and no offer to restore.   The judge dealt with this question in his order, as shown by the preceding statement of facts.   He was of the opinion that when the plaintiff in her petition alleged that she received no consideration whatever for the deed, it was not incumbent on her, or a condition precedent to the filing of her suit, to tender to the opposite party an amount of money which the evidence subsequently showed she did receive; but that since on the trial

it developed without dispute that she did receive a small amount, she should be required to restore it before being entitled to a decree of cancellation. The plaintiff in error filed in this court, on September 16, 1940, a writing entitled in this cause, denominated by him "a special plea," wherein is set out that part of the judge's order adjudging that if the plaintiff will pay to the clerk, for the benefit of the defendant, ten dollars, with interest, etc., within twenty days, a new trial will be refused, but that "if she does not do so within said 20 days, a new trial is granted in said case;" and the statement is made that she failed to pay said ten dollars. Counsel filing this paper state in their place that, to the best of their knowledge, information, and belief, no money has been deposited in court or with the clerk for plaintiff in error in pursuance to the terms of said order or otherwise, although more than forty days have elapsed since said order was entered. Attached to this paper is a certificate of the clerk, dated August 14, 1940, stating that "no cost has been paid to me by either side, and no money has been paid to me for either side." Service was by opposite counsel acknowledged on September 15, 1940, and no response thereto is of file. The paper contains a prayer that this court will pass such order as will protect him in the premises and grant him a new trial, etc. What counsel probably have in mind is the rule that this court will not decide a moot question, and that if the effect of the judge's order, plus the non-payment of the money to the clerk be shown, this court will proceed no further with the case, on the idea that, the new trial having been granted, the questions raised are moot. Before we could reach such a conclusion, however, we would at least have to entertain the bill of exceptions long enough to make such a ruling; and we have concluded that we ought not to entertain it even for the purpose of declaring the question raised therein to be moot, but that we are compelled, for reasons about to be stated, to dismiss the writ of error on the ground that the bill of exceptions is premature, and that this court is without jurisdiction to entertain it.

In *Clark* v. *Ganson*, 144 *Ga.* 544 (87 S. E. 670), this court held that where the order sustaining the demurrer allowed a definite time within which an amendment might be filed, and provided that if no such amendment was filed within the time allowed, "the suit to stand dismissed," the suit was automatically dismissed

when no such amendment was timely filed. To same effect, see *Smith* v. *Albright-England Co.*, 171 *Ga.* 544 (156 S. E. 313); *Howell* v. *Fulton Bag & Cotton Mills*, 188 *Ga.* 488 (4 S. E. 2d, 181). It is true that in *Blyth* v. *White*, 178 *Ga.* 488, 493, the order involved in *Clark* v. *Ganson*, supra, was referred to as "thus putting the entire case out of court." In *Humphries* v. *Morris*, 179 *Ga.* 55 (175 S. E. 242), the order dealt with was: "The above demurrer is overruled, provided plaintiff, on or before August 1st, 1933, amends by setting out the date of the alleged tender. Upon his failure to do so the general demurrer is sustained." It was there said that this order had the effect of automatically dismissing the action unless the plaintiff amended the petition on or before the date named. In *Smith* v. *Atlanta Gas-Light Co.*, 181 *Ga.* 479 (182 S. E. 603), the court dealt with an order reciting that "the case shall automatically stand dismissed unless the plaintiff shall amend same in 20 days." No amendment was offered. This court held that the effect of this order was, that, in the absence of any amendment, the petition was dismissed at the end of twenty days, and that the failure to amend left no part of the case pending in court. In *Harris* v. *Plains Mercantile Co.*, 187 *Ga.* 337 (200 S. E. 241), the action was dismissed "unless the plaintiff shall within thirty days . . so amend . . as to meet the points of general demurrer." It was held, that, no amendment being offered to meet certain grounds of the demurrer, the order to that extent became final, and that portion of the petition attacked by the demurrer stood dismissed.

In none of the cases of which the foregoing are examples, wherein the trial judge in effect ordered a dismissal unless a timely amendment was offered within a number of days stated, was it ruled that the case thereby instanter went out of court. It would be a contradiction of terms to declare that an order allowing a plaintiff to stay in court, provided within a certain time he did a certain thing, at once terminated his case. In such an instance the case is not dead, but the death sentence is suspended, and will never be executed provided the condition be fulfilled. In cases of the character under discussion, the orders, though they may be final in a sense, are not really final until the end of the time when by their express language the contemplated possibility either happens or does not happen. The finality is held in abeyance pending the

44

acceptance or rejection of the proffered terms. The bill of exceptions was certified within two days after the judge entered the order on the motion in which a period of twenty days was given to the respondent in which to deposit a certain sum of money with the clerk for the benefit of the movant. Applying the principle ruled in *Steed* v. *Savage,* 121 *Ga.* 84 (48 S. E. 689), *Georgia Railway & Power Co.* v. *Kelly,* 150 *Ga.* 698 (105 S. E. 300), and *Sellers* v. *McNair,* 42 *Ga. App.* 731 (157 S. E. 373), the case had not at that time been finally disposed of, the writ was prematurely brought, and under the authorities we are constrained to dismiss the same for lack of jurisdiction to entertain it. Code, § 6-701; *McLendon* v. *Western & Atlantic R. Co.,* 85 *Ga.* 129 (11 S. E. 580) ; *Duke* v. *Story,* 113 *Ga.* 112 (38 S. E. 337) ; *Kelly & Jones Co.* v. *Moore,* 125 *Ga.* 382 (54 S. E. 118); *Vanzant* v. *First National Bank of Polk County,* 164 *Ga.* 772 (2 *a*) (139 S. E. 537). See also *Rivers* v. *Key,* 189 *Ga.* 832 (7 S. E. 2d, 732).

*Writ of error dismissed. All the Justices concur.*