### 29296. COFFEE v. FOOTE, executor, *et al.*

SUTTON, J. 1. Where a special demurrer was filed by the defendant to certain paragraphs of the plaintiff's petition, and the court rendered judgment on December 16, 1938, sustaining the demurrer and providing that "said petition will stand dismissed unless amended in twenty days," such order was the law of the case, in the absence of a timely exception and writ of error therefrom; and a dismissal of the action automatically resulted if the plaintiff failed to conform to its terms. *Clark* v. *Ganson,* 144 *Ga.* 544 (87 S. E. 670); *Speer* v. *Alexander,* 149 *Ga.* 765, 767 (102 S. E. 150); *Howell* v. *Fulton Bag & Cotton Mills,* 188 *Ga.* 488, 490 (4 S. E. 2d, 181); *Kumpe* v. *Hudgins,* 39 *Ga. App.* 788 (149 S. E. 56); *O'Hara* v. *Rutherford,* 62 *Ga. App.* 866 (10 S. E. 2d, 200).

(*a*) After a subsequent order passed by the court on January 5, 1939, extending to January 15, 1939, the time within which the amendment

might be filed, but not changing the provision of the first order that the petition would stand dismissed if not amended, it was the law of the case that a dismissal of the petition would automatically result if not amended by January 15, 1939. The petition not having been amended within the time specified, an automatic dismissal of the action resulted, and the allowance of an amendment to the petition on June 28, 1941, was nugatory. *Park* v. *Moore*, 44 *Ga. App.* 538 (162 S. E. 155), and cit.

2. Accordingly, where after the death of the original defendant in August, 1940, an attorney represented to the court that he was attorney for named executors of the estate of the original defendant, and called its attention to the fact that the case stood dismissed under the previous orders of the court and that the allowance of the amendment of June 28, 1941, was inadvertent and nugatory, and that he appeared before the court solely for the purpose of moving the court to declare the action dismissed, the court, in a hearing at which counsel for the plaintiff was present, did not err in rendering judgment (without making parties defendant the executors of the estate of the original defendant, as urged by counsel for the plaintiff) that the case automatically stood dismissed under the orders of the court on December 16, 1938, and January 5, 1939.

3. The fact that counsel for the plaintiff and counsel for the original defendant, before the expiration of the time in which the amendment might be filed, orally agreed because of reasons satisfactory to themselves, but without any further order of the court, that the plaintiff might amend the petition at any time, and counsel for the defendant would not insist upon the time limit fixed by the court, could not operate to change the effect of the order of the court as to automatic dismissal of the case in the absence of an amendment in the time specified.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

DECIDED JANUARY 14, 1942. REHEARING DENIED FEBRUARY 28, 1942.

*Robert B. Blackburn,* for plaintiff.
*Brandon, Hynds & Tindall,* for defendants.

