## GAMBLE *v.* GAMBLE, *et al.*

No. 14040. MARCH 11, 1942.

*C. G. Battle,* for plaintiff in error.

*Dotson & Dotson* and *F. L. Breen,* contra.

DUCKWORTH, Justice. Under numerous rulings of this court, where the order sustaining the demurrer allowed a definite time, in this case thirty days, within which an amendment meeting the grounds of the demurrer might be filed, and provided that if no such amendment was filed within the time allowed the suit should "stand dismissed," if no amendment meeting the grounds of the demurrer was filed the suit was automatically dismissed. *Clark* v. *Ganson,* 144 *Ga.* 544 (87 S. E. 670); *Speer* v. *Alexander,* 149 *Ga.* 765 (102 S. E. 150); *Humphries* v. *Morris,* 179 *Ga.* 55 (175 S. E. 242); *Smith* v. *Atlanta Gas-Light Co.,* 181 *Ga.* 479 (182 S. E. 603); *Howell* v. *Fulton Bag & Cotton Mills,* 188 *Ga.* 488 (4 S. E. 2d, 181). The original petition, paragraphs 15 and 16, alleged that plaintiff W. E. Gamble was a non-resident of the State, and knew nothing of the facts set forth in the petition until two weeks before the suit was filed; and in paragraph 16 it was alleged that all the other plaintiffs were minors during a part of the time, and that they had no knowledge of the facts alleged until two weeks before the suit was filed. Ground 11 of the demurrer asserted that W. E. Gamble was barred because the facts complained of occurred more than ten years before the suit was filed; and that the other plaintiffs were barred by the ten-year statute of limitations, because, for the reason therein stated, the statute was not tolled

because of their minority. The judgment sustaining these grounds, not having been excepted to, is the law of the case; and whether or not that judgment was authorized under the Code, § 3-709, the plaintiffs are estopped by reason of their acquiescence and failure to challenge the soundness of that judgment. The extent of the present inquiry therefore is only to determine if the offered amendment meets the grounds of the demurrer as provided by the judgment. Looking at the entire amendment in search of allegations relating to this ground of demurrer, we find nothing that changes materially the original averments relating thereto. No attempt is made in the amendment to meet that portion of this ground relating to the minority of the plaintiffs. Nor do we find anything in the amendment that does more than the averments of the original petition, to the effect that W. E. Gamble was a non-resident throughout the time that he attempted to learn the facts complained of; that one of the defendants did not know, and for that reason could not inform him, and the other refused to inform him; and that he learned of them only two weeks before the suit was filed, to relieve this plaintiff from the bar of the statute of limitations. The failure of the offered amendment to meet this ground of the demurrer rendered the judgment dismissing the petition operative at the end of the thirty-day period of time allowed for amendment, and we need not examine the amendment as relates to the other grounds of demurrer. The objection to the amendment should have been sustained, for the above reasons. It was error to overrule the objection and the demurrer to the petition as amended.

*Judgment reversed. All the Justices concur.*