29636. McDOUGALD *v.* WARD.

Decided September 24, 1942.

*M. E. O'Neal, Hooper, Hooper & Miller,* for plaintiff in error.
*W. H. Miller,* contra.

FELTON, J. W. T. Ward sued C. C. McDougald on a promissory note. Defendant filed a plea of nudum pactum. In paragraph 1 he alleged "that the instrument sued upon was executed and delivered without any consideration whatsoever." In paragraph 2 he alleged that "there is want of consideration in law for the execution of the note sued on, and there is a total lack of any valid consideration for the contract sued upon." The plaintiff filed the following demurrers to the answer: "1. Plaintiff demurs generally to the answer of the defendant on the ground that the same is insufficient to set forth any defense against this plaintiff's cause of action and for said reason said answer should be stricken. 2. Plaintiff demurs specially to the first paragraph of defendant's answer on the ground that the allegations contained in the same are mere conclusions of the pleader, are too vague and indefinite to constitute a proper plea of failure of consideration, and wholly fail to inform this court or the plaintiff how or in what respect the consideration of the note sued upon has failed, or how or in what respect said note was executed and delivered without any consideration. 3. Plaintiff demurs specially to the second paragraph of defendant's answer on the ground that the

same is a conclusion of the pleader without any facts alleged in said paragraph or elsewhere in said petition to set forth a legal defense of failure of consideration. The allegations contained in the same are too vague and indefinite to constitute a proper plea of failure of consideration, and the allegations wholly fail to inform this court or this plaintiff how or in what respect there is a total lack of any valid consideration for the contract sued upon."

After a hearing on the demurrers the judge passed the following order: "The within demurrer having been argued by both sides the same is sustained on grounds numbers 2 and 3 thereof with the right to defendant to amend by March 20, 1942, by 12 o'clock, m., and if not amended by said time the answer of the defendant is stricken on the general demurrer." Before the time set in the order the defendant amended his answer. The amendment did no more than elaborate on what was alleged in the original answer, and did not contain any allegation which was not in the original answer except the statement that the suit was between the original parties. This fact already appeared on the face of the record. On consideration of the demurrer to the answer as amended the court sustained the general demurrer and dismissed the answer. The defendant excepts to the final judgment in favor of the plaintiff and to the order sustaining the general demurrer to the answer.

While the first order was on the special demurrers it was also a ruling on the general demurrer, as the court specifically stated that "if not amended by said time the answer of the defendant is stricken on the general demurrer." It is clear that the court adjudged the original answer subject to general demurrer for the reasons stated in the special demurrers, and since the amendment did not correct the alleged deficiencies the court did not err in finally sustaining the demurrer to the answer as amended, for the reason that by amending to meet the original ruling on the demurrers the defendant acquiesced in the ruling and will not now be heard to say that it was erroneous. Since the amendment did not cure the defects in the answer that had been adjudged to exist the court did not err in sustaining the general demurrer to

the answer as amended. *Brown* v. *Wilson,* 191 *Ga.* 750 (13 S. E. 2d, 779); *Rivers* v. *Key,* 189 *Ga.* 832 (7 S. E. 2d, 732), and cit. *Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*