## BURRUSS *et al. v.* BURRUSS *et al.*

JENKINS, Presiding Justice. 1. Where on demurrer to a petition an order is entered requiring that the petition be amended by setting forth certain facts construed by the order to be material to the cause of action, and that in default of such amendment within a stated time the petition "stand dismissed," such order is the law of the case, in the absence of timely exception and writ of error therefrom. If the petitioner fails to amend, a dismissal of the action automatically results, or a formal order of dismissal is proper. *Howell* v. *Fulton Bag & Cotton Mills,* 188 *Ga.* 488, 490 (4 S. E. 2d, 181), and cit.; *City of Hapeville* v. *Jones,* 194 *Ga.* 57 (*b*) (20 S. E. 2d, 599); *Smith* v. *Bugg,* 35 *Ga. App.* 317 (1) (133 S. E. 49).

2. Where, after such an order and without any exception thereto, the plaintiff seeks to amend his petition, but the amendment fails to comply with essential requirements of the order, he is bound by the order, not only because it is the law of the case under a ruling unexcepted to, but for the additional reason that he has submitted to the adverse ruling on demurrer by seeking to comply therewith, and cannot thereafter be heard to complain that such order was erroneous, and that the required amendment which he elected to offer, but failed to complete in essential requirements, was in fact unnecessary. *Rivers* v. *Key*, 189 *Ga.* 832 (1) (7 S. E. 2d, 732), and cit.

(*a*) The decisions relied on by the plaintiffs in error, *Millbank* v. *Penniman*, 73 *Ga.* 136 (*a*), *Moody* v. *Muscogee Mfg. Co.*, 134 *Ga.* 721, 729, 730 (68 S. E. 604, 20 Ann. Cas. 301), and *Steele* v. *Graves*, 160 *Ga.* 120 (3, *a-d*) (127 S. E. 465), dealt only with questions as to the necessity of filing exhibits or otherwise amending pleadings against special demurrer, or other questions involving the merits of petitions against such demurrers, and therefore are not pertinent to the controlling question here involved, which does not concern the merits of the pleadings on demurrer, but only whether the plaintiffs did in fact conform to the law of the case as fixed by the ruling of the court dismissing their action in the absence of the required amendments within 45 days.

3. Since the record shows that the plaintiff did not, within the specified time, file the exhibits required under penalty of dismissal, the court did not err in dismissing the action.

*Judgment affirmed. All the Justices concur.*

No. 14683.   November 9, 1943.

815

William A. Thomas, for plaintiffs.
Marvin G. Russell and W. O. DuVall, for defendants.