31737. COKER *v.* FRIEDMAN *et al.*

Decided October 24, 1947.

*Thomas G. Lewis, Winfield Payne Jones,* for plaintiff.

*Heyman, Howell & Heyman,* for defendants.

FELTON, J. Whether or not the original petition set forth a cause of action against the defendant partnership, the plaintiff, without excepting, acquiesced in the court's ruling sustaining the general demurrer, with leave to the plaintiff to amend, by amending and seeking to conform to that order, and that ruling, right or wrong, became the law of the case under those circumstances. *Rivers* v. *Key,* 189 *Ga.* 832 (7 S. E. 2d, 732); *Jones* v. *Butler,* 191 *Ga.* 126 (12 S. E. 2d, 326); *Kumpe* v. *Hudgins,* 39 *Ga. App.* 788 (149 S. E. 56); *Elijah A. Brown Co.* v. *Wilson,* 191 *Ga.* 750 (13 S. E. 2d, 779). The only question for consideration here is whether the amendment so cured the defects in the original petition as to set forth a cause of action against the partnership. The petition must be construed in the light of the facts set forth and not solely in view of the bare allegation, in the nature of a conclusion of the pleader. *Atlanta Coca-Cola Bottling Co.* v. *Brown,* 46 *Ga. App.* 452 (167 S. E. 776). The original petition contained allegations showing the nature of the defendant partnership's business to be that of operating a jewelry store; that the defendants, Leibel and Henderson, were respectively general manager and sales manager of the store; that they as coconspirators and instigated by Miss Wing, activated by personal animosity for the plaintiff, sought to have the plaintiff discredited with and discharged by her employers; and that Leibel, acting as general manager of the store, and having full knowledge of the real truth of

the matter, caused the plaintiff's enumerated damages, humiliation and discharge, which is to say that he was acting within the prosecution and scope of his employment at the time. These allegations were adjudged to state no cause of action against the defendant partnership upon the hearing of its original demurrer to the original petition. The plaintiff's amendment did not add a single new and material fact to the petition, but merely the pleader's conclusion that the defendants, Leibel and Henderson, were acting in the prosecution of the partnership's business and within the scope of their respective employments in effectuating the alleged conspiracy.

Therefore the court did not err in sustaining the general demurrer to the petition as amended, and in dismissing the action as to the defendant partnership.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*