INTERLOCHEN ESTATES INC *v.* BANK OF ATLANTA *et al.; et vice versa.*

DUCKWORTH, Chief Justice. 1. An amendment may be offered upon the announcement of the judge of his decision to sustain a demurrer, or within any time allowed by the judge in the order allowing an amendment. "But after the order sustaining the demurrer has been signed, with no allowance of time to amend, it is too late to amend." *Wells* v. *Butler's Builders' Supply Co.* 128 *Ga.* 37, 39 (57 S. E. 55).

2. Where a demurrer containing both general and special grounds is sustained, the judgment must be affirmed if the petition was subject to any of the grounds of the general demurrer. *Gunn* v. *James,* 120 *Ga.*

482 (48 S. E. 148); *Huggins* v. *Southeastern Lime & Cement Co.*, 121 *Ga.* 311 (48 S. E. 933); *Killough* v. *Simmons*, 125 *Ga.* 101 (53 S. E. 819); *McClaren* v. *Williams*, 132 *Ga.* 352 (64 S. E. 65); *Anthony* v. *Dudley &c. Lumber Co.*, 21 *Ga. App.* 412 (94 S. E. 634).

.3. The judgment sustaining the demurrers thereupon becomes final and ends the case, and since there is nothing left to amend, any purported amendment of the proceeding thereafter is nugatory. A final bill of exceptions and not exceptions pendente lite is required in such a case to preserve any rights of the plaintiff. *Fagan* v. *Morris Plan Bank*, 182 *Ga.* 347 (185 S. E. 325); *Smith* v. *Atlanta Gas-Light Co.*, 181 *Ga.* 479 (182 S. E. 603); *Kumpe* v. *Hudgins*, 39 *Ga. App.* 788 (149 S. E. 56).

.4. On application of the foregoing principles of law to the facts in the present case, the judgment of June 9th sustaining the general and special grounds of the demurrers to the amended petition ended the case. The subsequent attempt by the plaintiff to amend, as well as its exceptions pendente lite to that and subsequent orders, was futile and nugatory, and did not preserve any rights of the plaintiff. Nor was the plaintiff entitled to revert to former pleadings in the case after allowing the judgment on the merits of the amended petition. The formal order dismissing the case was for the foregoing reasons proper.

*Judgment affirmed on the main bill. Cross-bill dismissed. All the Justices concur, except Almand, J., disqualified.*

Nos. 16968, 16973. FEBRUARY 14, 1950. REHEARING DENIED MARCH 15, 1950.

*William G. McRae,* for plaintiff.

*J. F. Kemp* and *Alston, Foster, Sibley & Miller,* for defendants.