DUREN *et al. v.* TOWN OF PAVO.

CANDLER, Justice. Concerning certain described realty in Brooks County, Georgia, Lee W. Duren and Mrs. Thompson filed an equitable suit in the Superior Court of Thomas County "against the town of Pavo, a municipal corporation, also known as City of Pavo." The prayers

were for process, injunctive relief, cancellation of a tax deed, and for general relief. The defendant demurred generally to the petition on the following grounds: The petition fails to state a cause of action for any of the relief sought; it shows that the plaintiffs have an adequate and complete remedy at law; it sets forth no title or right of title in the plaintiffs to the subject property, either at law or in equity. The defendant also demurred generally and specially to paragraph 12 of the petition, on the ground that the facts therein alleged, namely, that no tax executions were issued prior to a sale of the property, are inconsistent with and contrary to other allegations of the petition and its exhibits. The court sustained all of the demurrers and dismissed the petition, "subject to the right of the plaintiffs to amend within ten days to meet the demurrers." Within the time so allowed, the plaintiffs offered an amendment elaborating the facts originally averred, but adding nothing new or of substance to the petition except that another named person was a necessary party defendant to the cause and a prayer for an order making him such. Holding that the demurrers had not been met by the tendered amendment, a formal order dismissing the petition was entered, and the plaintiffs excepted. *Held*:

The plaintiffs, by attempting to amend the petition to meet the demurrers, acquiesced in the rulings on the demurrers, and those rulings consequently became the law of the case. *Rivers* v. *Key*, 189 *Ga.* 832 (1) (7 S. E. 2d, 732); *Burruss* v. *Burruss*, 196 *Ga.* 813 (1, 2) (27 S. E. 2d, 748). The effect of the order on the demurrers, as thus acquiesced in by the plaintiffs, was to adjudicate that the petition as it then stood was defective for the reasons stated in the demurrers. *Lavenden* v. *Haseman*, 157 *Ga.* 275 (121 S. E. 646); *Howell* v. *Fulton Bag & Cotton Mills*, 188 *Ga.* 488 (4 S. E. 2d, 181). And, since the amendment tendered by the plaintiffs did not meet the demurrers and relieve the petition of its infirmities, an order dismissing the petition was properly granted. Accordingly, no error appears.

*Judgment affirmed. All the Justices concur.*

No. 17800. SUBMITTED MARCH 10, 1952—DECIDED APRIL 16, 1952.

*Steve M. Watkins*, for plaintiffs.
*Titus & Altman* and *Charles F. Johnson*, for defendant.