34486. BROWNING *v.* HIRSCH, executrix.

DECIDED FEBRUARY 13, 1953.

*William A. Thomas,* for plaintiff in error.

*T. J. Long,* contra.

TOWNSEND, J. The act of 1952 (Ga. L. 1952, p. 243) amended Code § 81-1001 by adding thereto the following provision: "Where the court sustains any or all demurrers to pleading, and allows time for the filing of an amendment, such judgment or order shall not be subject to exception or review, but the court shall render a judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment which shall supersede the judgment allowing time for· amendment. Parties shall have the right to amend at any time prior to the rendition of such latter judgment. Nothing herein shall be construed to abridge the right of amendment otherwise existing."

This legislative enactment has the effect of changing the previous law in relation to amendments to pleadings after a conditional order of dismissal, and accordingly supersedes *Ervin* v. *Sheffield,* 209 *Ga.* 27 (70 S. E. 2d, 513) ; *Duren* v. *Town of Pavo,* 209 *Ga.* 13 (70 S. E. 2d, 375), and similar cases. By virtue of the Code section as amended, the petition as a whole is the subject of a new adjudication by the court after amendment thereof, regardless of the terms of the first order of conditional dismissal. Further, in all such cases, "parties shall have the right to amend at any time prior to the rendition" of the final judgment.

The final judgment of a court of record has not been rendered,

in legal contemplation, until such judgment is written up and signed by the judge, and, accordingly, an amendment is not too late if tendered before the judgment has been actually signed. *Graham* v. *Phinizy*, 204 *Ga.* 638, 643 (51 S. E. 2d, 451); *Long* v. *Stanley*, 200 *Ga.* 239, 241 (36 S. E. 2d, 785); *Freeman* v. *Brown*, 115 *Ga.* 23 (1) (41 S. E. 385); *Lytle* v. *DeVaughn*, 81 *Ga.* 226 (7 S. E. 281).

The amendment tendered was as follows: "Comes now plaintiff in the within and above stated case and amends by striking paragraph nine of his petition as originally filed. Wherefore, he prays his amendment be allowed." The grounds of the defendant's motion to disallow the amendment do not appear, but from the briefs of counsel it appears evident that it was contended the amendment came too late, since no other objection is urged against it.

The amendment was tendered before the judgment against the plaintiff was signed by the court, and accordingly was timely, and should have been considered in determining whether or not the petition as amended was subject to general demurrer.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*