## 34581. BAKER v. LOGAN.

CARLISLE, J. The plaintiff in error makes the following assignment of error in his bill of exceptions: "Be it remembered that, in the case of G. E. Baker against E. P. Logan, returnable April term, 1952, of the Court of Cobb County, being an action for foreclosure of a laborer's lien, the court on the 2nd day of February, 1953 passed an order sustaining the general demurrer filed by the defendant objecting to the petition filed by plaintiff as not setting forth a cause of action. Plain-

6

tiff offered to amend any and all defects in the affidavit and the court refused the petition to be amended and such refusal, as plaintiff in error contends, being controlling in effect, the said order sustaining the demurrer illegally terminated the case. . . And now comes G. E. Baker, within the time provided by law, and assigning error on the ruling complained of as being contrary to law, tenders this his bill of exceptions," etc. *Held:*

Where the trial court sustains a general demurrer to a petition, and the plaintiff offers to amend, he concedes the validity of the judgment sustaining the demurrer (*Rivers* v. *Key,* 189 *Ga.* 832, 7 S. E. 2d, 732); and where, in a bill of exceptions sued out to this court, error is assigned solely upon the trial court's refusal to allow the petition to be amended, and the proffered amendment (or amendments) is not specified as a part of. the record, it will be presumed that the amendment was rejected for proper reason, and where from the record we can not determine otherwise, the judgment refusing the amendment must be affirmed. See, in this connection, *Interlochen Estates* v. *Bank of Atlanta,* 206 *Ga.* 570 (57 S. E. 2d, 924), for one reason for disallowing an amendment after a general demurrer has been sustained.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED APRIL 11, 1953.

*Howell C. Ravan,* for plaintiff in error.
*Raymond M. Reed,* contra.