22198. NORTHSIDE MANOR, INC. v. VANN.

Submitted September 11, 1963—Decided October 10, 1963.

*Essley B. Burdine, Margaret Hopkins,* for plaintiff in error. *William H. Moore, Jr.,* contra.

DUCKWORTH, Chief Justice. By the Constitution, courts are invested with the exclusive ultimate power to construe laws. *McLeod v. Burroughs,* 9 Ga. 213; *McCutcheon v. Smith,* 199 Ga. 685 (35 SE2d 144); *Calhoun v. McLendon,* 42 Ga. 405; *Thompson. v. Talmadge,* 201 Ga. 867, 872 (41 SE2d 883). The legislative department is invested with the exclusive power to say what the law is. When a court adjudicates that a petition alleges no cause of action, whether rightly or erroneously, that becomes the law of the case, and neither the legislature nor the judiciary can disregard that ruling. When by the judgment on the 3rd of October 1962, the court adjudicated that the petition failed to allege a cause of action, it thereby settled that question. When the court in the same order gave 20 days in which to meet the defect upon which that adjudication was

based, it limited the time for amendment by judgment, and that time limit likewise became the law of the case, and thus disallowed amendments beyond the time stated. The legislature has no constitutional power to construe or alter judgments.

In light of the foregoing incontrovertible principles of law, how stands the amendment of 1952 (Ga. L. 1952, pp. 243, 245) to *Code Ann.* § 81-1001 (Ga. L. 1946, pp. 761, 775; 1952, pp. 243, 245; 1953, Nov. Sess. p. 82)? It not only trangresses the constitutional division of powers but subverts the Supreme Court rule made pursuant to legislative request and ratified by the legislature in *Code Ann.* § 81-1001 (Ga. L. 1946, pp. 761, 775). This confusion could result only from an utter misconception of the finality of a court judgment. In *McCutcheon v. Smith,* 199 Ga. 685, supra, this court was confronted with a situation where the legislature attempted to substitute its judgment for that of this court. There we applied the Constitution (*Code Ann.* § 2-123) which commands keeping the legislative, judicial and executive powers forever separate. There at page 691 we quoted from *Mc-Leod v. Burroughs,* 9 Ga. 213, which had quoted from *Wilder v. Lumpkin,* 4 Ga. 208, 212, as follows: "A legislative exposition of doubtful law is the exercise of a judicial power, and if it interferes with no vested rights, impairs the obligation of no contract, and is not in conflict with the primary principles of our social compact, it is in itself harmless, and may be admitted to retroactive efficiency; but if rights have grown up under even a law of somewhat ambiguous meaning, then the universal rule of our system—indeed of the English system of government, and of other systems which approximate to free government—applies. That rule is, the courts declare what the *law is,* the legislature declares what the law *shall be.*" It was further held there that the litigant "is not subject to the peril of legislative constructions; if he were, then charters and grants would be a mockery. Who would accept a charter if it was subject at all times to legislative construction; that is to say, subject to be impaired by law? No sane man, or half-witted set of men. The power to sit in judgment upon his own contracts by one of the parties, is nowhere conceded under any system of free government; that would be an enormity at which justice revolts." And in *Calhoun*

*v. McLendon,* 42 Ga. 405, supra, at page 408, it was said: "In the dividing line of power between these co-ordinate branches we find here the boundary—construction belongs to Courts, legislation to the Legislature. We cannot add a line to the law, nor can the Legislature enlarge or diminish a law by construction."

By the 1952 amendment, supra, the legislature undertook to construe the judgment there referred to, when such a judgment had been repeatedly construed by this court to have a different meaning. *Blyth v. White,* 178 Ga. 488 (173 SE 421); *Humphries v. Morris,* 179 Ga. 55 (175 SE 242); *Howell v. Fulton Bag & Cotton Mills,* 188 Ga. 488 (4 SE2d 181); *Burruss v. Burruss,* 196 Ga. 813 (27 SE2d 748); *Ervin v. Sheffield,* 209 Ga. 27 (70 SE2d 513); *Duren v. Town of Pavo,* 209 Ga. 13 (70 SE2d 375). Such palpable usurpation of exclusive judicial functions by the legislature offends the Constitution, paralyses the judicial function, destroys the time honored rule of "the law of the case," and constitutes a potential destruction of the judicial process.

When, as here, it was judicially adjudged that the petition alleged no cause of action, whether rightly or wrongly, that became the law of the case, and in the absence of an amendment within the time allowed, it became final, and thus was beyond the reach of legislative power to nullify it. In *Lederle v. City of Atlanta,* 164 Ga. 440, 441 (6) (138 SE 910), it was stated: "Where a general demurrer to a petition is sustained, with leave to the plaintiff to amend, such ruling upon the demurrer fixes the law of the case; and unless the plaintiff by amendment sets up new facts which, when taken in connection with the allegations of the petition, make a case which will entitle him to recover, a demurrer to the petition as amended, upon the ground that the judgment sustaining the former demurrer concluded the right of the plaintiff to recover, should be sustained. *Kennedy v. Ayers,* 164 Ga. 277 (138 SE 155)." The decisive fact in such cases is that the law of the case is thereby fixed, both as to want of a cause of action, and the time within which an amendment can be offered. This is solely a judicial matter and beyond the authority of the legislature. If, as a matter of judicial knowledge and ruling such a judgment fixes the law of

the case, then the legislature can neither challenge this construction nor impair the judicial power by trying—as was done in the 1952 amendment—to construe the legal meaning of a court judgment. The attempt by this Act to do so offends the Constitution (*Code Ann.* § 2-123; Const. of 1945) in that the legislature attempted to exercise judicial power. We hold therefore that the attack upon the amendment of 1952 (Ga. L. 1952, pp. 243, 245) to *Code Ann.* § 81-1001 (Ga. L. 1946, pp. 761, 775; 1952, pp. 243, 245; 1953, Nov. Sess., p. 82) upon the ground that it is a legislative attempt to exercise judicial powers in violation of the Constitution (*Code Ann.* § 2-123; Const. of 1945) is meritorious and the Act is therefore void. We further hold that when an amendment was not submitted within the 20 days provided in the judgment of October 3, 1962, the judgment sustaining the demurrer became final, and it was error to allow an amendment thereafter.

*Judgment reversed. All the Justices concur.*