### 24266. GEORGIA PORTS AUTHORITY v. PUSHAY.

FRANKUM, Justice. The Court of Appeals certified to this Court the following question: "Where *special* demurrers to a petition in a negligence action were sustained Feb. 17, 1967, during the December term of Chatham Superior Court, having the effect of striking all paragraphs relating to or containing allegations of negligence, allowing plaintiff until March 9, 1967, after beginning of the March term within which to amend but with no provision that in the absence of an amendment within that time the petition would stand dismissed, and no amendment was tendered until March 23, 1967, after expiration of the time allowed, *did the court have authority to allow the amendment over objection of defendant that since there had been no order of the court extending the time for amending it came too late?"*

The question is answered in the negative. See *Northside Manor, Inc. v. Vann,* 219 Ga. 298 (133 SE2d 32). That case was decided with reference to an order sustaining a general demurrer, and the question of the Court of Appeals seems to have been prompted by a feeling that the fact that the order involved in this case sustained grounds of special demurrer as to particular paragraphs of the petition might be some basis for differentiating this case from the *Northside Manor* case. We do not think that this is any distinction. While the opinion in the *Northside Manor* case considered the effect of an amendment to *Code Ann.* § 81-1001 upon the procedural law of this State, the fundamental basis for the ruling in that case, after the disposition of that question, was that the order sustaining the general demurrer to the entire petition, unexcepted to, became the law of the case, and further that that part of the order allowing the plaintiff 20 days in which to amend likewise became the law of the case after the expiration of the 20 days. Here we have a judgment sustaining grounds of special demurrer and in effect striking enumerated

paragraphs of the petition. That judgment allowed the plaintiff 20 days in which to amend to cure the defects pointed out by the sustaining of certain grounds of special demurrer. After the expiration of 20 days, the right of the plaintiff to amend as respects those particular defects was forever foreclosed in the absence of an order seasonably issued extending the time beyond the original 20 days granted. That order became the law of the case upon the failure of the plaintiff to amend to meet its terms, and the trial court did not have authority to reopen the matter at a time after the order had become fixed and final and thus, in effect, allow the plaintiff additional time in which to amend.

*Certified question answered in the negative. All the Justices concur.*

ARGUED SEPTEMBER 12, 1967—DECIDED SEPTEMBER 21, 1967.

*Oliver & Maner, Thomas S. Gray, Jr., Anton F. Solms, Jr.,* for appellant.

*William F. Braziel,* for appellee.